## Ginsburg v. Kovrak

*Robert W. Lees* and *Richard E. McDevitt*, for plaintiff.

*Filindo B. Masino*, for defendant.

BOK, P. J., January 14, 1957.—This is a complaint in equity filed by the Committee on Unauthorized Practice of the Law of the Philadelphia Bar Association, alleging that defendant has been unlawfully holding himself out as a practicing attorney and engaging in the practice of the law.

Defendant filed an answer, averring that he is admitted to practice law in the United States Supreme Court, the Court of Appeals of the District of Columbia and the United States District Courts of the District of Columbia and the Eastern District of Pennsylvania, and that it is therefore unnecessary for him to be admitted to practice in any State court of record.

A hearing was held on December 6, 1956.

### Findings of Fact

1. Plaintiffs are practicing attorneys in the County of Philadelphia and are members of the Committee on Unauthorized Practice of the Law of the Philadelphia Bar Association.

2. Defendant is admitted to practice law in the United States Supreme Court, the Court of Appeals of the District of Columbia and the United States District Courts of the District of Columbia and the Eastern District of Pennsylvania.

3. Defendant maintains a home and law office at 5713 Torresdale Avenue, Philadelphia. On his window are the words, "Law Offices, Stephen J. Kovrak, Tax Consultant." He also has professional cards bearing his name, address, telephone number and the words, "Attorney at Law. Proctor in Federal Taxation."

4. Defendant has held himself out to the public in the County of Philadelphia as entitled to practice law in that county. He is listed in the Philadelphia telephone book as an attorney, and also in the legal directory published by the Tradesmen's Bank.

5. Defendant, using stationery on which appears his name, address, telephone number and the words, "Law Offices", entered into legal negotiations with the Philadelphia Transportation Company during 1955 in connection with at least two accident cases. He has also appeared in accident litigation before Judge Lord and a jury in the United States District Court for the Eastern District of Pennsylvania.

6. Defendant has not been admitted to practice before any court of record of the Commonwealth of Pennsylvania.

### Discussion

Defendant's position is that he has a legal right to practice law anywhere in the Eastern District of Pennsylvania with regard to any legal matter in which a Federal question was involved, no matter how remote. He also contends that the Act of April 28, 1899, P. L. 117, as amended, 17 PS § 1608, is unconstitutional.

He cites Cummings v. Missouri, 4 Wall. 277 (1866), and Ex Parte Garland, 4 Wall. 333 (1866).

These two cases concern the loyalty oath required by the State of Missouri and by the Congress of the United States to be taken by clergymen and attorneys-at-law. The laws under scrutiny, passed during or immediately after the Civil War, prohibited such persons from following their respective professions unless they had taken the oath. These laws were held to be ex post facto and void.

How these cases aid defendant is hard to see. The qualifications of the professional men involved were not in question, or any law having to do with their pro-

fessional ability. In fact, the court said in the Garland case: "The legislature may undoubtedly prescribe qualifications for the office, [of attorney] to which he must conform." The cited cases are in no way authority for defendant's position.

It has not been pointed out to us that the Federal courts maintain any machinery for the examination of the professional and moral quality of applicants for admission to their bar. This is left to the legislature and courts of the State lying within the Federal geographical district, and the Federal courts follow the State law in this regard as they do in other fields of the law which are not covered by Federal legislation. In fact, the United States Supreme Court has recently said that the Federal courts do not have such machinery, and that to have it "would be to duplicate needlessly the machinery established by the states whose function it has traditionally been to determine who shall stand to the bar": In re Isserman, 345 U.S. 286.

This machinery is supplied in Pennsylvania by the Act of 1899, as amended by the Act of April 24, 1933, P. L. 66, sec. 1, 17 PS §1608. The act reads as follows:

"From and after the passage of this act, it shall not be lawful for any person, partnership, association, or corporation, in any county in the State of Pennsylvania, to practice law, or to hold himself, herself, or itself out to the public as being entitled to practice law, or use or advertise the title of lawyer, attorney-at-law, attorney and counsellor-at-law, counsellor, or the equivalent in any language, in such manner as to convey the impression that he, she, or it is a practitioner of the law of this or any other state, nation, country or land, or, in any manner, to advertise that he, she, or it, either alone or together with another person or persons, has, owns, conducts, or maintains a law office, or law and collection office of any kind, for the practice

of the law of this or any other State, nation, country or land, without having first been duly and regularly admitted to practice law in a court of record of any county in this Commonwealth in accordance with the regularly established rules governing such admissions: Provided, however, That nothing herein contained shall be construed as prohibiting corporations of the first class, acting in good faith and in pursuance of the purposes of their charters, from rendering, through attorneys-at-law, legal service to the members of such corporations."

This language is wholly clear. The act was held constitutional in Commonwealth v. Branthoover, 24 Pa. C. C. 353, 48 Pitts. L. J. 267 (1901), and I see no reason to hold otherwise. The case of Bradwell v. The State, 16 Wall. 130, 21 L.Ed. 442 (1872), says flatly that the right to practice law in the State courts is not a privilege or immunity of a citizen and that the State's right to regulate practice in the State is one of those powers that was not transferred to the Federal Government. This case is cited in Christy Case, 362 Pa. 347 (1949).

In arguing that he may legally handle any case in which a Federal question appears, however remotely, defendant destroys his own case, since if taxation is not at least remotely connected with quite all legal matters, the fundaments of due process under the Federal Constitution would complete the list.

The only other possible point is whether a chancellor may enjoin a crime, since the unauthorized practice of the law is made a misdeameanor under the Act of 1899. This has been answered affirmatively in Boggs v. Werner, 372 Pa. 312 (1953).

### Conclusions of Law

1. Plaintiffs are proper parties plaintiff.

2. Defendant has been unlawfully practicing law in the Commonwealth.

3. The Act of April 28, 1899, P. L. 117, is constitutional.

4. Equity has jurisdiction to enjoin defendant.

5. Defendant should be enjoined from further unlawful practice of the law within the County of Philadelphia.

*Opinion*

Bok, P. J., April 1, 1957.—It is necessary to add only a few observations to the chancellor's adjudication, to which defendant has filed exceptions.

There are certain activities that are preëminently local in nature and proper for the State to pass upon. They concern the neighbors' and the community's customs and sense of values, and are clearly not among those matters of general concern which can be said to have been originally ceded to the central Government by the States. Among such things are marriage and divorce, the keeping of records, the qualifications for selling real estate and for teaching, the size of lobsters and the number that can legally be taken, who may practice the professions and things of like nature.

Cases to this effect, anent the law, and in addition to those cited by the chancellor, are matter of New York County Lawyers Association (In re Bercu), 273 N. Y. App. Div. 524 (1948) ; Chicago Bar Association v. Kellogg, 18 Unauthorized Practice News (No. 2), p. 18; Petition of Kearney, 63 So. 2d 630 (1953), in which the Supreme Court of Florida refused to permit a member of the bars of the United States Supreme Court, of the United States Tax Court and of the United States Treasury Department, to practice in Florida, even as a "federal tax counsel": In re Summers, 325 U. S. 561 (1945) ; In re Bailey, 50 Montana 356 (1915) ; In re Morse, 98 Vermont 85 (1924) ; Berk v. State, 225 Ala. 324 (1932).

The right to practice law in State courts is not such

a privilege or immunity as is guaranteed by the Fourteenth Amendment: In re Lockwood, 154 U. S. 116 (1893); cited in Christy Case, 362 Pa. 347, 352 (1949).

The practice of law is not open to all and sundry, nor is it an inherent or vested right. It is a personal privilege subject to exacting tests as to moral character and mental grasp of legal principles. The lives, liberties and property of the public are at stake, and the State may attach conditions to an attorney's license aimed at the public's protection: Matter of Co-operative Law Co., 198 N. Y. 479 (1910); Yeiser v. Dysart, 267 U. S. 540 (1925).

When a stranger comes to our community he must meet the standards set out by our people, just as our citizens must expect to meet the local standards if they go elsewhere to live and work. No case has been suggested to us which holds that membership in the bar of the United States Supreme Court entitles an attorney to practice anywhere in the United States without reference to local State requirements. If we are not obliged to accept the man from Oregon merely because he may practice before the Supreme Court, neither should we have to accept the stranger from Pike County as a practicing lawyer merely because it is also within the Eastern District of Pennsylvania.

We do not presume to tell the Federal courts whom they should or should not appoint as referees, special masters, amici curiae and the like. for the prosecution of their work as they see it. That is a different matter from deciding what qualifications are needed by Pennsylvania citizens facing and affecting each other before the bar in any court of law, State or Federal. In such matters we are State citizens before we are Federal citizens, which is another way of saying that the States have not ceded to the Federal Government the right to qualify their lawyers.

It may be that the whole question is one of administrative liaison between the keepers of the roll of attorneys in the two court systems. Certainly it is elementary that the Federal courts follow State substantive law in all matters where there is no opposing constitutional legislation. See Erie Railroad Co. v. Tompkins, 304 U. S. 64 (1938). Admittedly there is none in the matter of qualifying Federal attorneys by any exclusively Federal system of education or supervision. Merely because the Federal courtrooms are open does not mean that the Federal courts have approved anyone as a qualified lawyer. The most it means is that a man may practice there if he is qualified by local law. If it were otherwise, the Federal courts would have enacted rules and Congress would have passed appropriate acts.

Defendant argues that the chancellor erred in finding that he was practicing State law. He asserts that he was practicing Federal law only. The distinction is so dim that we think none exists. As the chancellor has pointed out, what with only such Federal questions as taxation and basic due process, defendant would have a large field in which to practice. The real point concerns practicing law of any kind and being subject to regulation as to mental and character fitness in the public interest.

On the point of our right to enjoin a crime, there is nothing to add except, in addition to Boggs v. Werner, 372 Pa. 312 (1953), to cite Childs v. Smeltzer, 315 Pa. 9 (1934).

What has been said earlier about the right of a State to provide licensing machinery for those wanting to practice law disposes of the point about the constitutionality of the Act of April 28, 1899, P. L. 117.