## Ginsburg *v.* Kovrak, Appellant.

144

Argued November 19, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Filindo B. Masino,* for appellant.

*Richard E. McDevitt,* with him *Leon H. Kline,* for appellees.

*Andrew Hourigan, Jr.,* with him *Rowlands, Hourigan, Kluger & Spohrer,* filed a brief for Pennsylvania Bar Association under Rule 46.

OPINION PER CURIAM, March 24, 1958:

The Decree of the court below, couched substantially in the language of the Act of April 28, 1899, P.L. 117, as amended, 17 PS §1608 (Supp.), enjoins the appellant, in effect: (1) from practicing law in Philadelphia County; (2) from holding himself out to the public as being entitled to practice law in that county; (3) from advertising in that county that he practices law or is authorized to practice law in any

state, nation, country or land. This injunction applies only so long as the appellant fails to secure admission to practice in a court of record in Philadelphia County.

It is readily apparent that the injunction is intended to, and does, prohibit only the maintenance of an office and the practice of law in Philadelphia County (and, of course, anywhere else in the Commonwealth of Pennsylvania). It in no way affects the appellant's right to engage in the practice of law in Washington, D. C. or to try cases in the United States District Court for the Eastern District of Pennsylvania or in any other federal court or jurisdiction where he may be entitled to practice.

For this reason we conclude that the injunction infringes upon no federal rights guaranteed to the appellant by either the statutes or the Constitution of the United States and, accordingly, the decree is affirmed on the opinion of Judge CURTIS BOK reported in 11 Pa. D. & C. 2d 615.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

On October 12, 1943, Stephen J. Kovrak was admitted to the Bar of the District Court of the United States for the District of Columbia.

On October 15, 1943, he was "duly admitted and qualified as an Attorney and Counselor, Solicitor, Advocate, and Proctor," of the United States Court of Eastern Pennsylvania.

On December 6, 1943, he was "duly admitted and qualified as an Attorney and Counsellor" of the United States Court of Appeals for the District of Columbia.

On March 17, 1947, he was "duly admitted and qualified as an Attorney and Counselor of the Supreme Court of the United States."

Despite the impressive and documentarily established fact that Stephen Kovrak is thus duly qualified to practice law in four United States Courts, including the highest tribunal in our country, the Court of Common Pleas No. 6 of Philadelphia County has issued an injunction restraining him from practising law in Philadelphia, and declaring further that he must not hold himself out as a lawyer, as an attorney, or as a counsellor, "or the equivalent in any language, in such manner as to convey the impression that he is a practioner of the law of this or any other State, nation, country, or land."

Injunctions are intended to strike at evil, prohibit wrong, interdict aggression, and prevent trespass. But this injunction is stultification carried into the hinterland of incredible extravaganza. This is an injunction against Truth!

It is not denied that Stephen Kovrak is a member of the bar of the Supreme Court of the United States. Is the United States not a nation, country or land?

It is not denied that Kovrak is an attorney and a counsellor. The clerk of the United States District Court for the Eastern District of Pennsylvania has so certified with the seal of the United States. What right does a Court of Common Pleas have to say that Kovrak may not use a title or designation conferred upon him by a Court of the United States of America?

The Pennsylvania courts may prevent Kovrak from practising law in the Pennsylvania courts, but they cannot, under the Constitution of the United States, prevent him from practising law in such United States Court as have admitted him to practice.*

---

* In a brief filed by the Pennsylvania Bar Association this Court's attention is called to the Canons of Ethics of the American Bar Association. Canons of ethics do not have the force or effect of law; they constitute a code of high principles which various bar

The Fourteenth Amendment to the Constitution of the United States provides inter alia: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

In the case of *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238, decided May 6, 1957, the Supreme Court of the United States said: "A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. . . Even in applying permissible standards, officers of a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory." In a Concurring Opinion, joined in by Justices CLARK and HARLAN, Justice FRANKFURTER wrote: "Refusal to allow a man to qualify himself for the profession on a wholly arbitrary standard or on a consideration that offends the dictates of reason offends the Due Process Clause." (p. 249).

In attempted justification of its decree the Court of Common Pleas No. 6 said that "There are certain activities that are preeminently local in nature and proper for the State to pass upon." Among those things which the lower Court declares the State passes upon are: "Marriage and divorce, the keeping of records, the qualifications for selling real estate and for teaching, the *size of lobsters* and the number that can legally be taken, *who may practice the* professions, and *things of like nature.*" (Emphasis supplied).

---

associations believe should be adopted and followed by attorneys. Because of their general expression, however, these canons are subject to exceptions since they cannot equitably or justly cover and fit every unusual situation which may arise.

The equating of regulating the size of lobsters with the practice of the law is indeed startling. But more startling than that is the idea that the State can regulate the size of lobsters. The size of lobsters is left pretty much to the parental solicitude of Mother Nature and Father Time. I presume that in speaking of lobsters, the learned Chancellor was referring to the Act of June 24, 1939, P.L. 872, section 699.7, added May 21, 1943, P.L. 281, section 1, which provides: "Whoever captures, takes or has in his possession, any lobster measuring less than three and one-eighth inches (3⅛″) from the rear of the eye socket along a line parallel to the center line of the body shell (carapace) to the rear end of the body shell (carapace) shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine not exceeding fifty dollars ($50) and in default of the payment of such fine and costs shall be sentenced to imprisonment not exceeding thirty (30) days." But what the capturing or carrying in one's pocket or other receptacle of a lobster measuring less than 3⅛″ from rear orbicular socket to posterior carapace has to do with practising law in the courts of Philadelphia, the Chancellor did not specify.

His reference to the case of *Re Isserman,* 345 U.S. 286 is more in keeping with the subject matter but it is still not determinative of the issue before us because the *Isserman* case had to do with the disbarment of a lawyer by the New Jersey courts after proved misconduct in Court. Stephen Kovrak has not been disbarred by any Court, he has not even been charged with misconduct, no one has complained that he lacks in professional equipment and moral character, and yet he is being deprived of his profession, he is enjoined from announcing what is true, namely, that he is a lawyer, that he is a proctor, that he is an attorney at

law—all duly certified to by the United States District Court for the Eastern District of Pennsylvania, over which the Court of Common Pleas or this Court has no jurisdiction whatsoever.

If Stephen Kovrak walks or drives down to the Federal Courts Building at the corner of Ninth and Market Streets in Philadelphia, and enters a courtroom, he may address the Judge on the bench: "If the Court please, I represent John Doe in the case of Doe versus New Mexico Sulphur Company. May I proceed to trial?" And there will be no one to say to him: "Mr. Kovrak, you have no right to practise in this Court." On the contrary, he will be shown every courtesy, he will be allowed to select a jury, if it is a jury case, he will call his witnesses, and in due time make a summation on the facts, and eventually he will be entitled to be paid for his services.

But the injunction of the Court of Common Pleas, which has been affirmed by this Court, prohibits Kovrak from practising law in Philadelphia. Is the building at 9th and Market Streets not in Philadelphia?

The lower Court's Opinion, which has been adopted by this Court as its own, says: "It has not been pointed out to us that the Federal Courts maintain any machinery for the examination of the professional and moral quality of applicants for admission to their bar."

But surely it must be known that in the District of Columbia, where Kovrak was first admitted to practice law, the authorities conduct law examinations for applicants to the bar just as the State Board of Law Examiners in Pennsylvania conducts examinations. Surely it must be known that no one will be admitted to practise law in the District of Columbia, or Hawaii, or Alaska, or any other territory of the United States without proof that the applicant has moral quality.

The lower Court says: "In arguing that he may legally handle any case in which a Federal question appears, however remotely, defendant destroys his own case, since if taxation is not at least remotely connected with quite all legal matters, the fundaments of due process under the Federal Constitution would complete the list."

This argument is not as clear as the illustration of the lobsters but I must say, with all respect, that it is equally as ineffective. The defendant does not claim that he has a right to practise law in any State court, on any matter, whether it involves a Federal question or not.

This Court, interpreting the decree entered in the Court below, concedes that the injunction does not enjoin Kovrak from trying cases in the United States District Court for the Eastern District of Pennsylvania. But the practice of the law is not limited to the trial of cases in court. In fact, it is generally known that no trial lawyer, even the most active practitioner, in point of hours, spends as much time before Court and Jury as he must devote to his office. A lawyer does not practise law in a vacuum. In order to prepare for trial, he must have an office in which to meet with his client and witnesses and, if necessary to confer with opposing lawyers.

It cannot be questioned that Kovrak is authorized by law to offer advice in connection with Federal matters. Where is he to offer this advice? Since the injunction denies him the right to have an office, the only place where he could counsel with those seeking his assistance would be on the street and in the public square. And would this comport with the dignity which should always go with a member of the bar of a United States Court?

The Opinion of the lower Court, which has been adopted by the Majority here, says that: "The right to practise law in State courts is not such a privilege or immunity as is guaranteed by the Fourteenth Amendment."

One of the most difficult steering processes in legal navigation is to hold to the channel of a definitive issue. Consequently, it does not help us in the review of an adjudicated cause if the fact-finding tribunal decides against a party on an approved principle of law which that party does not controvert. Kovrak does not ask for the right to practice law in the State courts, or even to practise State law, neither of which, of course, he is entitled to do. What he does ask for is that this Court reverse the decision of the Court of Common Pleas which has enjoined him from exercising his right to practise law in the manner befitting a member of the bar of the United States District Court for the Eastern District of Pennsylvania and the Supreme Court of the United States when those tribunals under their awesome seals have certified that he does possess that right. Since this Court refuses to do what is so obviously required of it by the undisputed documents in the case I cannot possibly agree with the Majority's decision and I, accordingly, dissent.

Mr. Justice BELL joins in this opinion.