**614**

Stephen J. KOVRAK, Petitioner

v.

S. Regen GINSBURG, Chairman, Robert F. Lehman, George P. Williams, III, individually and as members of the Committee on Authorized Practice of the Law, acting for, on behalf of and by authority of the Philadelphia Bar Association

and

Curtis Bok, Gerald F. Flood, and Louis E. Levinthal, Individually and as Judges of Common Pleas Court No. 6 of Philadelphia County

Civ. A. No. 25587.

United States District Court
E. D. Pennsylvania.

Oct. 23, 1959.

Filindo B. Masino, Philadelphia, Pa., for petitioner.

Leon H. Kline, Robert W. Lees, Philadelphia, Pa., for defendants S. Regen Ginsburg, Robert F. Lehman, George P. Williams, III.

Before GANEY, Chief Judge, and WELSH, CLARY, LORD, VAN DUSEN, KRAFT and EGAN, JJ.

CLARY, District Judge.

This is a suit for a declaratory judgment on the part of the petitioner Stephen J. Kovrak to declare his rights and privileges as an Attorney and Counselor, Solicitor, Advocate and Proctor of this Court to practice law before this Court, to maintain an office for the transaction of legal business within the jurisdiction of this Court, and to use on letterheads and otherwise in the conduct of his legal business the titles of Attorney and Counselor, Solicitor, Advocate and Proctor.

The occasion for the suit is the action of the Court of Common Pleas No. 6 of Philadelphia County restraining the petitioner from doing what he asks us to permit him to do, which case is reported in Vol. 11, Pa. & Dist.Co.Rep.2d 615 (1957), affirmed per curiam by the Supreme Court of Pennsylvania at 392 Pa. 143, 139 A.2d 889 (1958), certiorari denied 358 U.S. 52, 79 S.Ct. 95, 3 L.Ed.2d 46 (October 20, 1958).

The basis for the petitioner's suit in this action, and his defense in the State action, is that he was duly admitted and qualified as an Attorney and Counselor, Solicitor, Advocate and Proctor of this Court on October 15, 1943; that he had thereafter established an office for the practice of the law in the City and County of Philadelphia and had, until restrained by the Courts of the Commonwealth of Pennsylvania, conducted a law office for the practice of "Federal Law" within this district, which restraint he argues violates his constitutional rights. Petitioner makes the assertion that he has practiced only "Federal Law", despite the finding of the State court that he had been engaged generally in the practice of the law.

This case might have presented to us several interesting problems except for several presently undisputed facts which

appear of record by affidavit of the petitioner and his sponsor. These undisputed facts are (1) that petitioner Stephen J. Kovrak was not qualified for admission on October 15, 1943 under the applicable Rules of this Court; (2) that his sponsor for admission apparently did not bother to ascertain the Rules of Court respecting admissions of attorneys and to verify petitioner's right to be admitted; (3) that said sponsor was, to put it in least objectionable form, in error in certifying to the Court that the petitioner was eligible for admission; and (4) that petitioner's purported admission on the said date was totally invalid and without any force and effect. The Rule as orginally adopted for the admission to practice in this Court at about the turn of the century was originally in three parts, being Admission Rule III reading as follows:

> "*Admission Rule III*
>
> "Attorney and Counsel.
>
> "Sec. 1. No person shall be admitted to practice as counsel or attorney of this court, unless he shall have previously been admitted in the Supreme Court of a State, or the Supreme Court of the United States; and satisfactory evidence of moral character will also be required. He shall take the following oath or affirmation, to wit: "I do swear that I will demean myself, as an attorney of this court, uprightly and according to law; and that I will support the Constitution of the United States."
>
> "Sec. 2. Attorneys and counsellors-at-law, who have been admitted and are entitled to practice as such in the Supreme Court of the United States, shall be deemed members of the bar of this court, and shall have the same rights and privileges therein, as such, as if they had been regularly admitted in this court.
>
> "Sec. 3. No attorney shall be accepted as security for costs, nor as bail of any kind."

A review of the early records of this Court indicates that the lawyers of Philadelphia were plagued with the problem of non-resident counsel entering appearances for litigants and practicing law "by mail". The problem evidently became so acute that on September 27, 1905, a petition signed by the outstanding practitioners of Philadelphia was submitted to the United States Circuit Court for the Eastern District of Pennsylvania, condemning the practice and petitioning the Court to adopt a rule providing for resident counsel. The petition was received over the signatures of Honorable George M. Dallas, Circuit Judge, and Honorable John B. McPherson and Honorable James B. Holland, District Judges, and ordered to be filed. Thereafter, on the same date, by formal action of Judges McPherson and Holland, Rule III, Sec. 4, was adopted, reading as follows:

> "Rule III, Sec. 4. Attorneys and Counsellors-at-Law, admitted to practice in this Court, who are not residents of the Eastern District of Pennsylvania, and *who do not maintain an office in said District for the regular transaction of business,* shall, in each case or proceeding in which they appear, *have a resident associate counsel who maintains an office in said District,* upon whom all notices, rules and pleadings may be served in accordance with the rules and practice of this Court, and who may be required to attend before the Court, Clerk, Commissioners, Auditors, Assignees, Trustees, Referees or other officer of the Court, or before Notaries Public in cases where testimony may be taken before them in accordance with the rules and practice of the Court. The attendance of said Associate Counsel shall be a sufficient appearance for the party or parties whom they so represent." (Emphasis supplied).

The same problem of non-resident counsel was undoubtedly the reason for the promulgation of the Equity Rule

adopted February 17, 1923 which provided that resident counsel must appear in every equity case and must be a lawyer *who maintained an office in this district.* It seems perfectly clear to us, therefore, that our illustrious predecessors contemplated that both on the law and equity side the resident counsel mentioned in the rules would be one who maintained an office for the general practice of the law in this district.

The chronological sequence of events leading up to the present problem is as follows: Stephen J. Kovrak, the petitioner, had, according to the affidavit of his sponsor, on October 15, 1943, been theretofore duly admitted as an Attorney and Counsellor-at-Law in the United States District Court for the District of Columbia, after having regularly passed the examinations for admission to that bar as prescribed by the Board of Law Examiners for the said District of Columbia. Photostatic copies attached to an affidavit, sworn to on June 19, 1959, and filed in this Court on June 22, 1959, indicate that the petitioner was admitted to the United States Court of Appeals for the District of Columbia on the 6th day of December, 1943, and in the Supreme Court of the United States on the 17th day of March, 1947. It is interesting to observe the timing involved in the presentation of these facts to the Court. The present action was filed on November 12, 1958, and was argued to the Court en banc, on a motion for summary judgment filed on behalf of the petitioner, on May 27, 1959. Thereafter, by permission, petitioner filed on June 10, 1959 an amended petition for declaratory judgment, which made no mention of the aforesaid important and determinative factors. By affidavit of the sponsor attached to the amended petition, petitioner asserted that he was entitled to and had been regularly admitted to this Court because he was on October 15, 1943 duly admitted to practice before the United States District Court for the District of Columbia. It is, therefore, abundantly clear that on the crucial date of October 15, 1943 petitioner *was not eligible* for admission to this Court. Petitioner's counsel by letter to Chief Judge Ganey and the Associate Judges of this Court, dated June 22, 1959, declared that the Court under the provisions of Paragraph 2 of Rule III *must* deem the petitioner to have been a member of this Court since March 17, 1947, and *must* therefore declare his rights as based upon that paragraph of Rule III, rather than the admission of October 15, 1943. With this position we do not agree.

It has always been the policy of this Court upon the introduction to the court of a member of the bar of the Supreme Court of the United States and the certification of a member of our local bar that he has been so admitted to permit such attorney without more to participate in any matter pending before the court, i. e., to take part in the trial of a case; to address juries, and to associate himself with local counsel and argue matters in which resident counsel had already entered an appearance. It has never been the policy of the Court to admit a person generally until he had properly taken the oath as provided in Section 1 and signed the roll of attorneys. This the petitioner Stephen J. Kovrak has never validly done.

Since we are now asked to declare future rights in the petitioner which are bottomed upon privileges granted by us to him on October 15, 1943 and which were in fact never validly granted, we need concern ourselves no further with any other questions raised. Petitioner's admission to practice, his taking of the oath and signing the roll of attorneys in this Court, was based upon an improper certification of his sponsor as to his eligibility, was invalid and of no effect. The Court, therefore, will direct that the name of Stephen J. Kovrak be stricken from the Roll of Attorneys of this Court and will enter an order dismissing the petition for a declaratory judgment.