**Stephen J. KOVRAK, Petitioner,**

**v.**

**S. Regen GINSBURG, Chairman, Robert F. Lehman, George P. Williams, III, Individually and as members of the Committee on Authorized Practice of the Law, acting for, on behalf of and by authority of the Philadelphia Bar Association**

**and**

**Curtis Bok, Gerald F. Flood, and Louis E. Levinthal, Individually and as Judges of Common Pleas Court No. 6 of Philadelphia County.**

**Civ. A. No. 25587.**

United States District Court
E. D. Pennsylvania.

Dec. 15, 1959.

Filindo B. Masino, Philadelphia, Pa., for petitioner.

Leon H. Kline, Robert W. Lees, Philadelphia, Pa., for defendants S. Regen Ginsburg, Robert F. Lehman and George P. Williams, III.

CLARY, District Judge.

This case, reported at 177 F.Supp. 614, is again before the Court on exceptions of petitioner Stephen J. Kovrak to the final order, judgment and decree entered October 23, 1959, and his motion to vacate, alter or amend the said final order, judgment and decree.

The only contention of the petitioner at oral argument on his exceptions and motion, not previously heard and decided, is that because an affidavit in the record submitted on behalf of the petitioner (made solely on the basis of information and belief) stated that the late Judges J. Whitaker Thompson and Oliver B. Dickinson[1] had established a policy in this Court of admitting anyone, who had been admitted to practice in *any District Court of the United States*, to practice generally before this Court, an issue of fact had been raised which should be determined before the Court could act.

This contention is completely devoid of merit. It appears that the affiant is the only person who ever heard of such a rule or policy. Counsel for

---

1. Judge Thompson left this Court upon elevation to the Court of Appeals on January 29, 1931. Judge Dickinson died September 16, 1939. Judge George A. Welsh, who admitted petitioner upon a false certification of eligibility, sat with the Court in banc and concurred in the decision. Judge Welsh has been a member of this Court since May 20, 1932.

the petitioner frankly admitted he could offer no other testimony in support of the contention. The records of this Court have been thoroughly searched and examined and the only rules and policy ever in existence and which have been strictly adhered to for half a century are the rules and policy referred to in the opinion previously filed in this case. The Court is the judge of its own rules and its own records. It would be futile to delay disposition of the case on such a tenuous assertion which has absolutely no basis in fact. The exceptions to the decree and the motion to vacate, alter or amend the decree will, therefore, be denied.