Stephen J. KOVRAK, Appellant,

v.

S. Regen GINSBURG, Chairman, Robert F. Lehman, George P. Williams, 3d, Individually and as Members of the Committee on Authorized Practice of the Law, Acting for, on Behalf of and by Authority of the Philadelphia Bar Association; and Curtis Bok, Gerald F. Flood and Louis E. Levinthal, Individually and as Judges of Common Pleas Court No. 6 of Philadelphia County.

No. 13159.

United States Court of Appeals
Third Circuit.

Argued May 10, 1960.

Decided June 16, 1960.

Rehearing Denied July 26, 1960.

---

**210**

Filindo B. Masino, Philadelphia, Pa., for appellant.

Leon H. Kline, Philadelphia, Pa. (Robert W. Lees, Philadelphia, Pa., on the brief), for appellees.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania which ordered the appellant's name stricken from the roll of attorneys licensed to practice in that Court. The case was originally heard by seven judges of that Court and the order referred to was unanimously approved by them. Exceptions were filed by the appellant and argued before Judge Clary, the writer of the original opinion. In each instance an opinion was written. See D.C.E.D.Pa.1959, 177 F.Supp. 614; D.C.E.D.Pa.1959, 179 F.Supp. 156.[1] The above procedure does not prove that the court was right, but it does show that Mr. Kovrak's matter had careful attention not only from one but from several experienced judges.

In the presentation of the case to this Court the action of the district court is characterized as a "disbarment proceeding." It is no such thing. Mr. Kovrak's name has not been stricken from the list of attorneys because of unprofessional or otherwise improper conduct. It was dropped from the list because he was not qualified for admission to the bar of the court at the time his application was made and his admission granted.

Mr. Kovrak was admitted to the bar of the District Court of the District of Columbia on October 12, 1943. He was admitted to the bar of the Court of Appeals for the District of Columbia on

---

1. This case is a sequel to Ginsburg v. Kovrak, 1957, 11 Pa.Dist. & Co.R.2d 615, affirmed per curiam 392 Pa. 143, 139 A.2d 889, appeal dismissed 1958, 358 U.S. 52, 79 S.Ct. 95, 3 L.Ed.2d 46. In that case, Kovrak, upon complaint filed by the Committee on Unauthorized Practice of the Law of the Philadelphia Bar Association, was enjoined "(1) from practicing law in Philadelphia County; (2) from holding himself out to the public as being entitled to practice law in that county; (3) from advertising in that county that he practices law or is authorized to practice law in any state, nation, country or land * * * so long as [he] fails to secure admission to practice in a court of record in Philadelphia County." 392 Pa. at pages 144–145, 139 A.2d at page 893. For a discussion of that case, see Comment, 107 U.Pa.L.Rev. 404 (1959).

December 6, 1943, and to the bar of the United States Supreme Court March 17, 1947.

At the time of his admission to the District Court for the Eastern District of Pennsylvania, October 15, 1943, his sponsor stated that Kovrak fulfilled the requirements of the court for admission. That was an erroneous statement. At that time the admission rule of the district court read as follows:

## "ADMISSION RULE III.

"Attorney and Counsel.

"Sec. 1. No person shall be admitted to practice as counsel or attorney of this court, unless he shall have previously been admitted in the Supreme Court of a State,[2] or the Supreme Court of the United States; and satisfactory evidence of moral character will also be required. He shall take the following oath or affirmation, to wit: 'I do swear that I will demean myself, as an attorney of this court, uprightly and according to law; and that I will support the Constitution of the United States.'

"Sec. 2. Attorneys and counsellors-at-law, who have been admitted and are entitled to practice as such in the Supreme Court of the United States, shall be deemed members of the bar of this court, and shall have the same rights and privileges therein, as such, as if they had been regularly admitted in this court.[3]

"Sec. 3. No attorney shall be accepted as security for costs, nor as bail of any kind.

"Sec. 4. Attorneys and Counsellors-at-Law, admitted to practice in this Court, who are not residents of the Eastern District of Pennsylvania, and who do not maintain an office in said District for the regular transation of business, shall, in each case or proceeding in which they appear, have a resident associate counsel who maintains an office in said District, upon whom all notices, rules and pleadings may be served in accordance with the rules and practice of this Court, and who may be required to attend before the Court, Clerk, Commissioners, Auditors, Assignees, Trustees, Referees or other officer of the Court, or before Notaries Public in cases where testimony may be taken before them in accordance with the rules and practice of the Court. The attendance of said Associate Counsel shall be a sufficient appearance for the party or parties whom they so represent."

Mr. Kovrak did not qualify for admission under this Rule since he had not, on October 15, 1943 "previously been admitted in the Supreme Court of a State, or the Supreme Court of the United States." Therefore, his admission was mistaken and the district court was correct in directing that his name be removed from the list. Whether subsequent changes in the rules or subsequent admissions of Mr. Kovrak to other federal courts now qualify him for admission is a question which is not before us now and was not before the district court at the time. The simple point is that when he was admitted he was not qualified.

This is all there is to the case. There was some suggestion that there was a practice of admitting members of the bar of all other United States District Courts even though such admission did

2. All concerned apparently concede that admission to the bar of the United States Court of Appeals for the District of Columbia fulfills the requirement of admission to the bar of "the Supreme Court of a State" for the purpose of this rule. Thus, had Kovrak waited another two months before having his admission moved in the Eastern District of Pennsylvania, he would have been qualified.

3. Kovrak also contends that by virtue of his admission to the bar of the Supreme Court of the United States in 1947 he automatically became a member of the bar of the district court at that time even though he did not thereafter take the oath or sign the roll of attorneys. Unlike his other proposition, Kovrak cites nothing in support of this contention except his own reading of the rule. The interpretation to the contrary made by the district court seems perfectly reasonable and we see no reason for upsetting it.

not conform to the written rule.[4] But the word "suggestion" is used advisedly. There was no support in fact for it and none tendered.

The judgment of the district court will be affirmed.

4. The suggestion was contained in the following portion of the affidavit filed by the attorney who had moved Kovrak's admission to the bar of the court below. The affidavit was appended to Kovrak's amended petition.

"Affiant further saith that, at the time of his said motion for admission, as aforesaid, said motion was in accordance with the 'Rules of Court for Admission of Attorneys to the Bar of the said United States District Court for the Eastern District of Pennsylvania', previously adopted by the late Honorable Oliver B. Dickinson and J. Whitaker Thompson, judges thereof, and then still in force and effect, providing, inter alia, to the best of this deponent's knowledge, information, recollection, and belief, that members of the Bar of all other United States District Courts, including those in the District of Columbia, were entitled to be admitted on motion to the Bar of the said United States District Court for the Eastern District of Pennsylvania;"