Peter **DAVIS**
v.
**WADSWORTH CONSTRUCTION
COMPANY**
v.
W. Eugene **WATERS.**
Civ. A. No. 14761.

United States District Court
E. D. Pennsylvania.

Feb. 24, 1961.

M. Carton Dittmann, Jr., Edward G. Bauer, Jr., Tyson W. Coughlin, of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

Michael A. Foley, Philadelphia, Pa., for defendant

LORD, District Judge.

This Motion is the aftermath of an action for personal injuries tried on the merits before a jury in this Court on March 21, 1956, which resulted in a directed verdict for the defendant, Wadsworth Construction Company, upon which judgment was entered.

Plaintiff contends that in the jury trial he was represented by unqualified counsel. Speaking through present counsel, plaintiff now says that the foregoing asserted circumstance requires that the judgment heretofore entered should be set aside, submitting that

"  *   *   * justice requires that plaintiff be given an opportunity to properly present his case on the

1

merits and that the judgment now in effect be set aside under Rule 60(b) (6)."

Defendant argues that Rule 60(b) (6), Fed.R.Civ.P. 28 U.S.C. which merely requires that the motion shall be made within a reasonable time, is inapplicable. Only in cases not provided for by those stated in the preceding parts of Rule 60(b) may it be invoked. The pertinent parts of the rule are:

> "Rule 60. Relief from Judgment or Order
>
> &ast; &ast; &ast; &ast; &ast;
>
> "(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court *may* relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. &ast; &ast; &ast;"
> (Emphasis supplied.)

The following comment appears in 7 Moore's Federal Practice 295:

> "It is important to note, however, that clause (6) contains two very important internal qualifications to its application: first, the motion must be based upon some reason *other than those stated in clauses (1)–(5)*; and second, the other reason urged for relief must be such as to *justify* relief.
>
> "&ast; &ast; &ast; the maximum time limitation of one year that applies to clauses (1), (2) and (3) would be meaningless, if after the year period had run the movant could be granted relief under clause (6) for reasons covered by clauses (1), (2) and (3)."

█ Indeed, there seems, under the cases, no room for argument on the proposition as quoted from Moore. Clause 6 cannot be invoked where the reasons for the motion are covered in clauses (1), (2) and (3). Klapprott v. United States, 1949, 335 U.S. 601, 614, 69 S.Ct. 384, 93 L.Ed. 266; United States v. Karahalias, 2 Cir., 1953, 205 F.2d 331, 335; Federal Deposit Ins. Corp., to Use of Secretary of Banking v. Alker, 3 Cir., 1956, 234 F.2d 113, 116.

It is clear that if the allegations of plaintiff's motion spell out mistake, inadvertence and neglect, the very grounds of Rule 60(b) (1), this Court is without power to set aside its 1956 judgment under the present motion which was filed November 11, 1960. The time limitations for motions under 60(b), designed to foster finality of judgments, cannot be avoided if—regardless of terminology and choice of appellation—the circumstance from which a party seeks relief comes under the heading of the grounds listed in parts (1) to (3). The force of this rule is recognized when one notes that, after one year, there may be no relief even in cases of fraud or misrepresentation.

Stephen J. Kovrak appeared as counsel for the plaintiff at the trial in 1956. His name then appeared on the roster of attorneys entitled to practice before this Court, having been enrolled October 15, 1943. Prior to the date last mentioned, he had been admitted to the Bar of the

District Court of the United States for the District of Columbia.

In Ginsburg v. Kovrak, 1957, 11 Pa. Dist. & Co.R.2d 615 he was enjoined from practicing law in Philadelphia County, affirmed per curiam in Ginsburg v. Kovrak, 392 Pa. 143, 139 A.2d 889, March 24, 1958 (two justices dissenting), certiorari denied 1958, 358 U.S. 52, 79 S.Ct. 95, 3 L.Ed.2d 46.

The ground of the Pennsylvania Court's injunction was that his license to practice before the federal court did not justify his Philadelphia county activities, despite defendant's insistence that he confined himself to federal practice.

Meanwhile, as the dissenting opinion in the Pennsylvania Supreme Court pointed out, on December 6, 1943, Kovrak was admitted to the Bar of the United States Court of Appeals for the District of Columbia, and—on March 17, 1947— to practice before the Supreme Court of the United States.

On October 23, 1959, it was ordered that the name of Stephen J. Kovrak be stricken from the roll of attorneys of the United States District Court for the Eastern District of Pennsylvania. Kovrak v. Ginsburg, D.C.E.D.Pa.1959, 177 F. Supp. 614; 179 F.Supp. 156, affirmed 3 Cir., 1960, 280 F.2d 209, 211.

The opinion last cited set forth that at the time of Kovrak's 1943 admission there was in force the rule of this Court that:

"No person shall be admitted to practice as counsel or attorney of this court, unless he shall have previously been admitted in the Supreme Court of a State, or the Supreme Court of the United States * * *"

Since Kovrak was not admitted to practice before the Supreme Court of the United States until 1947, it was an undisputed fact that he was not qualified for admission before this Court in 1943.

In Kovrak v. Ginsburg, D.C., 177 F. Supp. 614, 616, we found that:

"* * * Petitioner's admission to practice, his taking of the oath and signing the roll of attorneys in this Court, was based upon an improper certification of his sponsor as to his eligibility, was invalid and of no effect. The Court, therefore, will direct that the name of Stephen J. Kovrak be stricken from the Roll of Attorneys of this Court and will enter an order dismissing the petition for a declaratory judgment."

In the opinion on appeal, this statement is to be found. Kovrak v. Ginsburg, 3 Cir., 1960, 280 F.2d 209, 210:

"In the presentation of the case to this Court the action of the district court is characterized as a 'disbarment proceeding.' It is no such thing. Mr. Kovrak's name has not been stricken from the list of attorneys because of unprofessional or otherwise improper conduct. It was dropped from the list because he was not qualified for admission to the bar of the court at the time his application was made and his admission granted."

Plaintiff is now asking this Court to read the foregoing proceedings and decisions to mean that the entire proceedings at the 1956 trial of this cause were void. He cites cases such as those discussed hereafter as authority for the proposition that a suit conducted by a person not entitled to practice is a nullity, and that if the cause has proceeded to judgment, that judgment is void.

For example, he cites Stevens v. Jas. A. Smith Lumber Co., 1929, 54 S.D. 170, 222 N.W. 665. That case held that a certain answer, filed by Nebraska attorneys and promptly stricken since those lawyers were not licensed in South Dakota, did not amount to a general appearance.

In Niklaus v. Abel Construction Co., 1957, 164 Neb. 842, 83 N.W.2d 904, 911, a disbarred lawyer brought a taxpayer's action, ostensibly in his own person. Upon examination the court found that he

had been acting as an attorney throughout, and, held:

"The flagrant and persistent unlawful practice of law in this case by Niklaus requires that the proceedings be held to be a nullity and the action dismissed."

It would serve no good purpose to recite and distinguish the various cases cited further for the same point. Suffice it to say that the authorities have been examined and, despite dicta for the broad proposition of "nullity", none was found to bear squarely on the present question. Much more to the point—no authority was shown which could be considered binding upon this Court.

On the other hand, there is a passage in the Niklaus case (last mentioned, at 83 N.W.2d 911) with which this Court has no quarrel:

"The rule is: 'Proceedings in a suit by a person not entitled to practice are a nullity, and the suit may be dismissed.' 7 C.J.S. Attorney and Client § 16, p. 725.

"The dismissal of a proceeding for such a cause is a drastic remedy and may not be required in all cases. The extent of the unlawful practice by Mr. Niklaus in this case requires that it be done."

In terms of the quoted passage, what was "the extent of the unlawful practice by [Mr. Kovrak]"? The Court of Appeals made clear that he had not been subjected to disbarment. It would be somewhat strong to say that a member of the Bar of the Supreme Court of the United States, who had taken and passed the bar examination of the District of Columbia, was retroactively stripped of all knowledge and competency as to law by the proceedings which took place in this court in 1959.

Plaintiff lists the following occurrences as showing that he has not had his day in court. On Kovrak's advice, plaintiff refused Wadsworth Construction Company's offer of settlement before trial. That circumstance, a misfortune for plaintiff (and, no doubt, his lawyer) cannot conceivably show that plaintiff was denied his day in court and if anything argues to the contrary.

At the close of plaintiff's testimony, the Court directed a verdict in favor of Wadsworth on the ground that plaintiff had not proven that Wadsworth was the responsible party. No circumstances have been advanced, however, to show that other counsel could have presented a case of liability against that defendant.

Plaintiff complains that Mr. Kovrak took no steps to add third party defendant W. Eugene Waters as a co-defendant. The inference of mistake or neglect, however, adds no strength to the argument as to this motion, seeking to reopen the case against Wadsworth. To the contrary, it looks the other way, and has no tendency to persuade this Court that a case could have been made out against present defendant.

Plaintiff says he paid Mr. Kovrak to take an appeal, but that the appeal was later dismissed for want of prosecution. The inference, if any, is that of neglect.

The Court is asked to take judicial notice of the fact that the same counsel, in the 1956 trial, did not create a good record, and that the record "reveals, at best, a very poor development of the plaintiff's case."

In the absence of more particular specification, it is difficult to see how that ground can support the weight of the extraordinary relief sought by plaintiff. Plaintiff had chosen his own counsel, who at the time of trial had presumably been practicing law for the 13 years since he passed the bar examination of the District of Columbia. Through that counsel, regardless of criticism which hindsight might level at the manner in which the attorney tried the case, it seems patent that plaintiff had his day in court.

It is added that plaintiff lost the benefit of his right of appeal through what—in the absence of any other explanation—

might appear to have been sheer neglect. On the other hand, if the record is as deficient as plaintiff says, it is hard to see how any substantial right of the plaintiff was lost for want of appeal.

The grounds of plaintiff's motion are in substance the grounds of Rule 60 (b) (1):—mistake, inadvertence or neglect. This Court is without power to grant relief on these grounds since more than a year has elapsed since the judgment in question was entered.

Furthermore, as the foregoing discussion is intended to demonstrate, this Court is by no means persuaded that there has been a showing of "any other reason", under Rule 60(b) (6), which would justify the reopening of the case, even were the specified time limitation in the Federal Rules of Civil Procedure not applicable.

It follows from the foregoing that the motion of the plaintiff to set aside the judgment entered in this action and to allow him to file a proper amended complaint and begin anew must be dismissed and it is so ordered.