204

In re Motion for Admission of Stephen J. KOVRAK to Practice.

Misc. No. 2246.

United States District Court E. D. Pennsylvania.

May 16, 1961.

Filindo B. Masino, Philadelphia, Pa., for Stephen J. Kovrak.

Before GANEY, Chief Judge, and VAN DUSEN and EGAN, District Judges.

PER CURIAM.[1]

Petitioner, Stephen J. Kovrak, has never submitted himself to examination for admission to practice in the Courts of Pennsylvania and has never been admitted as a practitioner in such Courts.

Petitioner was admitted to the bar of the United States District Court for the District of Columbia on October 12, 1943. He was admitted to the bar of the Court of Appeals for the District of Columbia on December 6, 1943, and to the bar of the United States Supreme Court on March 17, 1947.

At the time of his admission to practice in this Court on October 15, 1943, his sponsor stated that the petitioner had fulfilled the requirements of this Court for admission. On the basis of that statement the petitioner, who had been standing by the side of his sponsor when he made that statement and who never filed any dissent, was admitted to practice and subscribed to the oath of office which was administered immediately following his presentation. At that time the rule covering admission to this Court stated, in part:

"Sec. 1. No person shall be admitted to practice as counsel or attorney of this court, unless he shall have previously been admitted in the Supreme Court of a State, or the Supreme Court of the United States; and satisfactory evidence of moral character will also be required * * *."

On October 23, 1959, in an opinion by Judge Clary speaking for all the active Judges of this Court (Kovrak v. Ginsburg, D.C., 177 F.Supp. 614, 615), we ordered petitioner's name stricken from the roll of attorneys licensed to practice here because he was not qualified for admission to the bar of this Court at the time his application was made and his

1. All the active Judges of this Court concur in this opinion and order except Judge GRIM who did not participate.

admission granted. Our Court of Appeals sustained the judgment of this Court (280 F.2d 209, 210) in an opinion by Judge Goodrich.

On June 22, 1959 he reapplied for admission to the bar of this Court and a duly qualified member of this Court, who happens to be his counsel, moved his admission, pointing out that the petitioner was now "a member of the United States Court of Appeals for the Third Circuit and the United States Supreme Court," having corrected the deficiencies in his right to qualify, for which reason his name was earlier stricken from the list.

Because of the objections of the Philadelphia Bar Association and of this Court *sua sponte,* the matter was set down for hearing and argument before a panel of Judges of this Court and the matter has been heard on briefs and argument at two separate hearings. Petitioner's application for admission will be denied because of his earlier misrepresentation of the facts by his sponsor in which he participated and for a lack of candor in his dealings with this Court which raises a question as to his moral character and fitness to practice in this Court.

Canon 22 of the American Bar Association's Canons of Professional Ethics says, in part:

"The conduct of the lawyer before the Court and with other lawyers should be characterized by candor and fairness.

"It is not candid or fair for the lawyer knowingly to misquote the contents of a paper, the testimony of a witness, the language or the argument of opposing counsel, or the language of a decision or a textbook; or with knowledge of its invalidity, to cite as authority a decision that has been overruled, or a statute that has been repealed; or in argument to assert as a fact that which has not been proved * * *.

"It is unprofessional and dishonorable to deal other than candidly with the facts in taking the statements of witnesses, in drawing affidavits and other documents, *and in the presentation of causes * * *."* (Emphasis supplied.)

Canon 29 deals with upholding the honor of the profession and it says, in part:

" * * * The lawyer should aid in guarding the Bar against the admission to the profession of candidates unfit or unqualified because deficient in either moral character or education. He should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice."

On this record we must find that the petitioner lacked both fairness and candor in the presentation of his own cause, namely that of being a proper person duly qualified under the rules to be admitted to practice in this Court, when he first presented himself and for continuing to make such a representation that he was duly qualified during the years that intervened before his name was stricken.

As Judge Goodrich points out, in footnote 1 to his opinion:

"This case is a sequel to Ginsburg v. Kovrak, 11 Pa.Dist. & Co. R.2d 615 (1957), affirmed per curiam 392 Pa. 143, 139 A.2d 889, appeal dismissed 358 U.S. 52, 79 S.Ct. 95, 3 L.Ed.2d 46 (1958). In that case, Kovrak, upon complaint filed by the Committee on Unauthorized Practice of the Law of the Philadelphia Bar Association, was enjoined '(1) from practicing law in Philadelphia County; (2) from holding himself out to the public as being entitled to practice law in that county; (3) from advertising in that county that he practices law or is authorized to practice law in any state, nation, country or land * * * so long as [he] fails to secure admission to practice in a court of record in Philadelphia County.'

392 Pa. at pages 144–145, 139 A.2d at page 893. For a discussion of that case, see Comment, 107 U.Pa.L. Rev. 404 (1959)."

The motion before the Court will be denied. If petitioner later qualifies for admission and is admitted to practice in the highest Court of Pennsylvania and, at the same time, is a member in good standing of the Supreme Court of the United States, he may reapply for admission to the bar of this Court.