**R. P. PRICE, C. H. Kelly and Follace Fields, partners dba Elkhorn Coal Company, Plaintiffs,**

v.

**UNITED MINE WORKERS OF AMERICA, Defendant.**

No. 559.

United States District Court
E. D. Kentucky,
Pikeville Division.
June 12, 1963.

Logan Patterson, Pineville, Ky., James S. Greene, Jr., Harlan, Ky., for plaintiffs.

Harrison. Combs, Washington, D. C., Thurman Hibbitts and J. E. Sanders, Pikeville, Ky., H. B. Noble, Hazard, Ky., for defendant.

SWINFORD, Chief Judge.

The plaintiffs brought this action to recover for damages inflicted on their property through the wrongful conduct of certain employees and agents of the United Mine Workers of America (hereafter UMW) in the course of the coal strike in the spring of 1959. The court entered judgment for the plaintiffs on October 10, 1961 and on November 30, 1961, overruled motions by the defendant for judgment or, in the alternative, for a new trial. On April 22, 1963, defendant filed a motion in this court to vacate the judgment and for a new trial based on newly discovered evidence.

Attached to the motion is an affidavit by a police officer from Hazard, Kentucky to the effect that certain acts of violence supposed to have been perpetrated by UMW agents were actually committed by persons having no connection with the UMW. The defendant maintains that such evidence would compel findings different from those already made because the court has relied upon circumstantial evidence to connect the damage to the plaintiffs' property and the conduct of the defendant's agents, not upon specific identification of the wrongdoers.

Defendant cites Rule 60(b) (6), F.R.Civ.P. as the basis for its motion. Rule 60(b) provides that a court may relieve a party from the operation of a final judgment in five enumerated situations, one of which entails newly discovered evidence, and under a sixth subdivision which is a broadly worded catchall to cover situations not embraced in the preceding five subdivisions. The present question stems from the fact that the rule prescribes a one-year time limit for opening a judgment for newly discovered evidence, while there is no definite time limit on the sixth subdivision, the one on which defendant relies.

The court has examined the authorities submitted by both sides and is convinced that the defendant's motion comes too late to claim relief under Rule 60(b). Under the most liberal view, it can be characterized as no more than a motion for relief on the ground of newly discovered evidence. That the evidence is highly pertinent and that it would have a decisive effect on the final judgment are matters that must be taken for granted as to all such motions. The sixth subdivision of Rule 60(b) is by its very language limited to apply only to situations not covered by any of the other subdivisions and has been so construed by numerous court opinions. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); Federal Deposit Insurance Corp. to Use of Secretary of Banking v. Alker, 3d

Cir., 234 F.2d 113 (1956); United States v. Karahalias, 2d Cir., 205 F.2d 331 (1953); Federal Deposit Insurance Corp. to Use of Secretary of Banking v. Alker, E.D.Penn., 30 F.R.D. 527 (1962); Davis v. Wadsworth Construction Co., E.D. Penn., 27 F.R.D. 1 (1961).

In the case of Sunfire Coal Company, et al. v. United Mine Workers of America, No. 284 on the docket at Jackson, Ky., a motion similar to that referred to in the above Memorandum is now pending. For the reasons set out in the above Memorandum, the motion should be overruled. An Order overruling the motion in each of these cases is this day entered.