## Estate of Drischler

*Albert F. Paslow*, exceptant, for the estate.

ROSS, E., *J.*, July 18, 1980—Raymond Howard Drischler died testate January 23, 1980. Letters testamentary were granted March 5, 1980, to Ann Flanyak, decedent's mother and sole beneficiary under his will.

The matter is before the court on exceptions to the decree of distribution entered January 30, 1981. Exceptant, Albert Florian Paslow, is the attorney for the estate and he asserts the court erred in ordering a return to the estate of $2,485 carried as a deduction in the account for counsel fees paid him.

The only estate asset was real estate sold on April 1, 1980, for $35,000. At the closing exceptant received $1,775 on account of counsel fees for estate services. Mr. Paslow's account shows the fee of $2,485 as having been paid.

The record shows there are two grounds for requiring the estate to be reimbursed for counsel fees

charged in the account. First, Mr. Paslow was not eligible to practice law during the period of administration of the estate. Second, Mr. Paslow mishandled funds of the estate and failed to account for them.

Prior to the time Mrs. Flanyak retained Mr. Paslow, he had in October, 1978, been transferred to inactive status by the Pennsylvania Supreme Court. He had not paid the $40 annual fee required of every attorney admitted to practice in any court of this Commonwealth nor at the time of the audit hearing had he been reinstated.

Under Rule 219 of the Pennsylvania Rules of Disciplinary Enforcement which provides that, unless an attorney is excused because of financial hardship, failure to pay the annual fee is deemed a request for transfer to inactive status. The Supreme Court 30 days after notice will order the change to inactive status: Pa.R.D.E. 219(f)(1). In order to resume practice the formerly admitted attorney must be reinstated by the Pennsylvania Supreme Court upon compliance with Pa.R.D.E. 219(d). Once inactive an attorney is precluded from practicing law in the Commonwealth until he is officially reinstated by the Supreme Court. Pa.R.D.E. 219(h) provides:

"(h) If Disciplinary Counsel shall have probable cause to believe that any formerly admitted attorney:

(1) has failed to comply with this rule or,

(2) is otherwise continuing to practice law, Disciplinary Counsel may bring an action in any court of competent jurisdiction for such injunctive and other relief as may be appropriate."

Rule 217 requires a formerly admitted attorney who has been transferred to inactive status im-

mediately to give notice of his inactive status to all clients represented by him in pending matters, to inform such clients of his inability to represent them and to advise them to seek legal advice elsewhere: Pa.R.D.E. 217(a).

Mr. Paslow did not inform Mrs. Flanyak of his inactive status when she retained him nor did he advise her to seek legal advice elsewhere. The executrix learned of Mr. Paslow's inactive status only after making an inquiry of the Disciplinary Board.

Any person within the Commonwealth who practices law or holds himself out to the public as being entitled to practice law without being an attorney at law commits a misdemeanor of the third degree: Act of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §2524. Exceptant asserts that the statute and rules apply only to a layman practicing law rather than a formerly admitted attorney. In Ginsburg v. Kovrak, 11 D. & C. 2d 615 (1957), affirmed 392 Pa. 143, 139 A. 2d 889, (1958), appealed dismissed, 79 Pa. S. Ct. 95, 358 U.S. 52, an attorney admitted to practice law before the United States Supreme Court and the Federal district court but not admitted to any Pennsylvania court was permanently enjoined from practice and from holding himself out to the public as being entitled to state court practice until he was duly admitted in accordance with the established rules: Ginsburg v. Kovrak, supra, 795. The court stated: "The lives, liberties and property of the public are at stake, and the State may attach conditions to an attorney's license aimed at the public protection": Ginsburg v. Kovrak, supra, 621.

" . . . [I]n practically all jurisdictions statutes have now been enacted prohibiting persons not

licensed or admitted to the bar from practicing law, and under statutes of this kind the great weight of authority is to the effect that compensation for strictly legal services cannot be received by one who has not been admitted to practice before the court or in the jurisdiction where the services were rendered": 4 A.L.R. 1087. See also McIver v. Clarke, 69 Miss. 408, 416, 10 So. 581, 582; Perkins v. McDuffee, 63, Me. 181, 183; Lozoff v. Shore Height, Ltd., 66 Ill. 2d 398, 400, 362 N.E. 2d 1047, 1049; Spivak v. Sachs, 263 N.Y.S. 2d 953, 955, 211 N.E. 2d 329, 330.

A second ground for denying counsel's fee is the fact that he handled estate funds improperly. "The correct rule appears to be that an attorney is entitled to no compensation whatever, if he is discharged because of his own wrongful acts": Lampl. v. Latkanich, 210 Pa. Super. 83, 91, 231 A. 2d 890, 894 (1967).

At the real estate closing, $3,500 was placed in escrow for payment of inheritance taxes. Mrs. Flanyak on April 21, 1980, paid the inheritance tax of $685.72. On July 29, 1980, Mr. Paslow wrote a letter to Century Federal Savings and Loan Association requesting the $3,500 payable to his order. He endorsed the check which was made payable to the estate for himself and with the name of Ann Flanyak (who never saw the check) and deposited the proceeds in his individual account in Dollar Savings Bank. This money was never carried in the account. Mr. Paslow asserts that he was prepared to give the executrix a $3,500 check on September 16, 1980, at the audit but could not because she had left. Upon receipt of the check Mr. Paslow could have mailed it to the executrix or deposited it in the estate account but instead he kept the money in his

individual account until the hearing on January 14, 1981. He then tendered a check dated Setember 16, 1980, drawn on the Keystone Bank. Next he said there might be a "problem cashing it." The court excused him for a short while and he finally returned with a treasurer's check drawn on the First Seneca Bank and Trust Company for $3,500 which the court then gave to the executrix.

D.R. 9-102 relating to preserving identify of funds and property of a client provides:

"(A)  All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses shall be deposited in one or more *identifiable bank accounts* maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein. . . . " (emphasis supplied)

"(B)  A lawyer shall: (1)  Promptly notify a client of the receipt of his funds, securities, or other properties. (2)  Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable. (3)  Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them. (4)  Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

By depositing the $3,500 of estate funds in his own account counsel violated D.R. 9-102(a). By his failure to notify the executrix of this action he violated D.R. 9-102(B)(1) and (2). By not carrying the $3,500 in the account, counsel violated D.R. 9-102(B)(3). By failing to pay the executrx the funds

as soon as it became known that no more inheritance tax was due he violated D.R. 9-102(B)(4).

The exceptant asserts that the court has violated his Constitutional rights by denying him counsel fees. "In Bradwell v. The State, 16 Wall 130, it was held that the right to practice law in the state courts was not a privilege or immunity of a citizen of the United States; that the right to control and regulate the granting of license to practice law in the courts of a state is one of those powers that are not transferred for its protection to the federal government, and its exercise is in no manner governed or controlled by citizenship of the United States in the party seeking such license:" In re Lockwood, 14 S. Ct. 1082, 1083 (1894).

The addition into the balance for distribution of the $2,485 allocated for counsel fees is not an error. This is the credit Mr. Paslow showed in the account. To add back only the $1,775 actually paid would leave a shortfall in the balance for distribution of $710. If the actual balance for distribution is $710 more than the accounted for balance, then all Mr. Paslow has to do is add $1,775 to the actual balance so it matches the correct balance for distribution. This is a problem of his own making since the account is incorrect.

The exceptions are dismissed.