(85 App. Div. 602.)

### STOKES v. SCHILDKNECHT et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. PLEADING—SERVICE OF COMPLAINT—ORDER OF COURT—CODE PROVISIONS.
    Code Civ. Proc. § 421, provides that defendant's appearance must be made by serving upon plaintiff's attorney, within 20 days after service of summons, a notice of appearance or copy of demurrer or answer. Section 479 provides for service of the complaint, when not delivered with the summons, on written demand of defendant's attorney within 20 days of service of summons. *Held*, that defendants who failed to appear within section 421, or to demand a copy of the complaint until after 20 days from service of summons, were not entitled to an order compelling service of the complaint. Their remedy was to have their default opened, and be permitted to serve demand for a copy of the complaint, under section 479.

Appeal from Special Term, New York County.

Action by Horace Stokes against John Schildknecht and others. From an order requiring a service of a copy of the complaint on defendants' attorneys and granting defendants leave to answer demurrer or otherwise move, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George W. Carr, for appellant.
Francis X. Butler, for respondent.

LAUGHLIN, J.   The action is brought to set aside a transfer of a bank account by the bankrupt to his wife, and to have the money on deposit in her name declared to be the property of the bankrupt. Personal service of the summons was made upon the appellants on the 21st day of March, 1903.   On the 26th day of the same month the bank, which was also a party defendant, obtained an order to show cause, returnable on the 1st day of April thereafter, for an order permitting it to pay into court the amount of the deposit, less its costs, and for a discontinuance of the action as against it.   On the return day Messrs. Knabe and Butler, by George William Hart, appeared for the appellants.   The motion was held until the 13th of April, when the appellants appeared in the same manner in opposition, presenting an affidavit of the appellant John Schildknecht.   On the 17th day of April the motion was granted, but the order was not entered until the 26th day of May, and it recited that appellants appeared in opposition by said Knabe and Butler, their attorneys.   On

the 27th day of May, the appellants obtained an order to show cause why the plaintiff should not be compelled to serve a copy of the complaint upon Messrs. Knabe and Butler, their attorneys, and why they should not have leave to answer, demur, or otherwise move in the premises. The affidavit upon which the order was granted showed a verbal demand upon the plaintiff's attorneys for a copy of the complaint on the 26th day of May, which was denied upon the ground that appellants were in default. The attorney for the plaintiff presented an affidavit in opposition to the motion, denying that such demand had been made upon him. The appellants have neither served a notice of appearance nor answered nor demurred, and therefore have not appeared in the manner prescribed by section 421 of the Code of Civil Procedure. They claim that their appearance upon the motion made by their codefendant was a sufficient appearance, and doubtless it was for the purpose of giving the court jurisdiction over them, which, however, it already had by the personal service of the summons. But there was no appearance which gave the plaintiffs the names and addresses of the attorneys for the appellants, at least, until the affidavit was presented in opposition to the motion on the 13th day of April, when the appellants were in default for not having appeared within 20 days after the service of the summons. Moreover, if the appellants desired a copy of the complaint, they should have served a written demand within 20 days after the service of the summons in accordance with the provisions of section 479 of the Code of Civil Procedure. Even if a verbal demand for a copy of the complaint was made upon the attorney for the plaintiff on the 26th day of May, he was under no obligation to comply therewith. Where, as here, the summons is served without the complaint, if the appellant desires a copy of the complaint his remedy is to apply to the attorney for the plaintiff therefor in accordance with the practice established by the Code of Civil Procedure (1 Rumsey's Practice [2d Ed.] 231–235), which may not be disregarded, and an application made to the court instead for a peremptory order requiring the service of the complaint. The appellants having failed to appear and demand a copy of the complaint until after they were in default, they were in no position to require it until by consent or an order of the court their default was opened. Their remedy was to have their default opened, and be permitted to serve a demand for a copy of the complaint, but, as has been seen, that was not the application or the order they obtained.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.