STEVENS, Appellant, v. JAS. A. SMITH LUMBER CO., Respondent.

(222 N. W. 665.)

(File No. 6249. Opinion filed January 5, 1929.)

*W. J. Hooper*, of Gregory, for Appellant.
*Windsor Doherty*, of Winner, for Respondent.

BROWN, J. Plaintiff owed defendant on two notes aggregating $4,500, secured by real estate mortgage, and defendant claimed that plaintiff also owed him an additional sum on open account. Defendant collected $1,500 due plaintiff, and claims to

have credited it upon the open account, while plaintiff claims there was an agreement between them that it should be credited on the mortgage debt. Defendant commenced an action to foreclose the mortgage, and summons and complaint were served upon plaintiff in Omaha, Neb., where he was then residing. The complaint alleged the execution of the notes and mortgage, and that nothing whatever had been paid thereon, and demanded judgment against plaintiff for the amount due on the notes according to their terms, and for the foreclosure of the mortgage. An answer subscribed by Omaha attorneys only was served, but on motion of plaintiff it was stricken out, on the ground that the Omaha attorneys were not admitted to practice in the state of South Dakota.

The notice of motion to strike the answer stated that it would be brought on for a hearing on October 29, but, at some date not shown by the record, a stipulation was entered into between the attorneys for plaintiff in the foreclosure action and W. J. Hooper, who signed the stipulation as attorney for defendant in that action, in which it was stipulated that the motion to strike the answer might be taken up and heard by the court on the 19th day of November. Hooper did not appear at the hearing of this motion, and, no further appearance being made by defendant, judgment by default was taken against him for the amount appearing to be due by the terms of the notes and for the foreclosure of the mortgage, pursuant to which the mortgaged premises were sold, and a deficiency of $300 remained as a personal judgment against defendant in the action. Thereafter this action was brought by the mortgagor against the mortgagee to recover the $1,500 which plaintiff claims should have been applied on the mortgage, but was not.

Defendant answered, setting up as a counterclaim its alleged open account, that the $1,500 was credited thereon, and there still remained an unpaid balance of $633.58. For a second counterclaim, it alleged that it paid the attorney's fees and expenses in the action in which the $1,500 was recovered by plaintiff, which atorney's fees and expenses aggregated $420.55, which plaintiff agreed to pay, but which was still unpaid, and for a third counterclaim, alleged the foreclosure action herein referred to, and that the deficiency judgment for $300 against plaintiff still remained due and unpaid, and, for the amounts of the several counterclaims, demanded judgment against plaintiff. To the first and second coun-

terclaims plaintiff interposed a general denial. At the close of all the evidence defendant moved for a directed verdict on the ground that plaintiff had testified that the $1,500 was to be paid on the notes and mortgage, and that the judgment on the foreclosure action was res judicata on that matter. The motion was denied, and, under instructions to which no exceptions were taken, the jury returned a verdict in favor of plaintiff, assessing his damages at $1,080, upon which judgment was entered. On defendant's motion the verdict and judgment were set aside and a new trial granted on the sole ground that the court was of opinion that defendant's motion for a directed verdict, because the judgment in the foreclosure action was res judicata, should have been sustained, and, from the order granting a new trial, plaintiff appeals.

▆ The only service upon defendant in the foreclosure action was the service in Omaha, where he was residing, and upon such service no valid personal judgment could be rendered against the defendant in that action. 42 C. J. 70, 294; Lutz v. Kelly, 47 Iowa, 307.

▆▆ Respondent contends that the answer filed by the Nebraska attorneys constituted a personal appearance by defendant in that action, but in the foreclosure action respondent contended that this answer was entirely unauthorized and constituted no appearance, and on its motion it was stricken out, on the sole ground that it was not authorized, and could not be recognized by the courts of this state. Respondent cannot now be heard to say that this answer, which was stricken out by the court on respondent's own motion, constituted a general appearance entitling it to a personal judgment. Proceedings in a suit by a person not entitled to practice are a nullity. 6 C. J. 570. Jacobs v. Insurance Co. (S. D.), 213 N. W. 14.

▆ Respondent further contends that the signing of the stipulation for the hearing of the motion to strike the answer on a different date from that set in the notice of motion constitutes a general appearance. He cites no authority in support of this contention, and we do not think it is well founded. The judgment in the foreclosure action specifically recites that the summons and complaint were personally served on defendant in Omaha, Neb., that the defendant has failed to appear personally in any manner, and that an answer served on his behalf by Nebraska attorneys

had been stricken from the files, and that defendant was in default. Having procured a judgment based upon the fact recited therein, that defendant had "failed to appear personally in this action in any manner," respondent cannot now contend that defendant in that action did appear personally. The stipulation that the motion to strike the answer might be heard on a different date from that stated in the notice was not an appearance by defendant in that action. He did not invoke the action of the court in anything, and, for all that appears, the stipulation might have been for the convenience of the moving party; it alone was invoking the action of the court. There being no appearance by defendant in the action, the finding of the court as to the amount due on the notes could have no effect, further than to enable the court to deal with the mortgaged property. For the purpose of enabling the plaintiff in that action to realize on the mortgage security, the court had jurisdiction to determine the amount appearing to be due by the terms of the notes secured, but it had not jurisdiction on a service of a summons and complaint in another state, upon a defendant residing there, to enter a default judgment binding that defendant personally as to the amount due on the notes. The judgment in the foreclosure action was not res judicata as to the disposition to be made of the $1,500 as between plaintiff and defendant in that action, and the court erred in granting a new trial upon the ground that it was.

The order appealed from is reversed.

POLLEY and SHERWOOD, JJ., concur.

BURCH, P. J., and CAMPBELL, J., concur in result.