Jaliz Holding Corp., Appellant, v. Melvin McGill et al., Respondents, and Advance Funding Corporation, Appellant.— In an action to foreclose a mortgage, plaintiff and the purchaser on the foreclosure sale appeal from an order which granted a motion made by defendants, the mortgagors, to vacate the judgment of foreclosure and sale, and the sale made thereunder, and granted leave to defendants to answer the complaint. The judgment of sale was entered without notice to defendants, and the Special Term held that a stipulation, entered into between the parties to the action, evidenced such participation in the action as entitled defendants to notice of all subsequent proceedings by the plaintiff. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. In our opinion, the execution of the stipulation by the defendant Marion McGill was not an appearance, within the meaning of rule 257 of the Rules of Civil Practice, and did not entitle defendants to notice of the application for judgment. (Cf. *Metal Shelter Co.* v. *Fosdick,* 172 N. Y. S., 273, affd. 188 App. Div. 882 and *Stokes* v. *Schildknecht,* 85 App. Div. 602.) Rule 190 of the Rules of Civil Practice has no application to an action to foreclose a mortgage (see Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 308 *et seq.*). The record discloses no other facts which would justify the vacating of the judgment and sale and the opening of defendants' default in pleading. Defendants were given ample notice that the stipulation did not operate as a discontinuance of the action and that if they did not cure their original default and subsequent defaults in payments required by the mortgage foreclosed and a prior mortgage, judgment would be entered, and had ample notice of the sale. The defaults were not cured, and the motion which resulted in the order under review was not made until after the sale and the delivery of the referee's deed. Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.

■

Irving Litter et al., Respondents, v. Charles Klapow, Defendant, and Ogdis Realty Corp. et al., Appellants.— In an action brought for the return of certain stock alleged to have been deposited by plaintiffs with appellants as collateral security for certain indebtedness, which are alleged to have been repaid, the appeal is from so much of an order as denies appellants' cross motion to dismiss the complaint for insufficiency. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. Whether the transfer of the stock was outright or merely as collateral security, the amount of the loans for which the stock was allegedly deposited as security, and whether such loans have been repaid, are questions which should be determined on a trial. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.

■

Thomas G. Loughran, as Administrator of the Estate of James A. Loughran, Deceased, Appellant, v. Pasquale Ciccone, Respondent.— In an action to recover damages for wrongful death, plaintiff appeals from an order granting defendant's motion to vacate and set aside the alleged service of a summons and a default judgment entered in favor of plaintiff and against defendant. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.