**F. O. SMITH and Thelma L. Smith, husband and wife, Appellants,**

**v.**

**Ernest GADD and Mary E. Gadd, husband and wife, Appellees.**

Court of Appeals of Kentucky.

June 24, 1955.

Russell N. Victor, Erlanger, for appellants.

A. D. Yelton, Burlington, for appellees.

CLAY, Commissioner.

This controversy presents the question of what constitutes an "appearance" in a civil action within the meaning of CR 55.01.

The plaintiffs were. granted a default judgment against the defendants on motion made without. notice. Under CR 55.01, if the defendants had "appeared in the action" they were entitled to at least three days' written notice prior to the hearing on the motion.

Plaintiffs brought suit on May 20, 1954 to enjoin the defendants from using a private passway across the plaintiffs' land. On the same date a restraining order was issued by the clerk and served upon the defendants. On May 22 plaintiffs moved for a contempt rule against the defendants for failure to comply with the restraining order. This motion came on for hearing on May 24.

What took place on that date is shown by the record as follows:

"That on May 24th, 1954 pursuant to Notice, there was a hearing had in the Court House in Williamstown, Grant County, Kentucky on a Motion made by the plaintiffs to require the defendants to show cause why they not be held in contempt of the Court for their failure to comply with the Temporary Restraining Order, and the Court at the time, *on Motion of the plaintiffs upon the agreement of the*

*defendants* that they continue to go over plaintiffs land, but that they would open and close the gates across the same, *the matter of the contempt* was passed until the case came on to be heard on its merits." (Our italics.)

No other steps having been taken in the suit, on June 28, the court entered a default judgment against the defendants on plaintiffs' ex-parte motion. If the defendants did appear in the action by reason of the proceedings on May 24, this judgment cannot be upheld because of lack of notice of the motion required by CR 55.01. See Ken-Mar Airpark, Inc., v. Toth Aircraft & Accessories Co., D.C.Mo.1952, 12 F.R. D. 399.

It has been stated that *any* appearance of the defendant in court other than to object to the sufficiency of the service of process will be treated as a general appearance. Martin v. Cole, 191 Ky. 418, 230 S.W. 535. This opinion, however, did not define what would constitute an "appearance". In Brumleve v. Cronan, 176 Ky. 818, 197 S.W. 498, it was held that the nature of the act of the defendant was the determining factor, and that he is deemed to have entered a general appearance when his act may be considered as submitting his person to the jurisdiction of the court. In Marcum v. Commonwealth, 272 Ky. 1, 113 S.W.2d 462, where non-parties were cited for contempt, it was held that their *motion to set aside the judgment* under which the contempt rule issued constituted an entry of appearance in the action. We have found no other Kentucky cases of significance. (It may be noted that the new Civil Rules dispense with the necessity for the "special" appearance to raise questions of venue and jurisdiction. See Clay, CR 12.02, Comment 3.)

In 13 Am.Jur., Appearances, Section 10, it is said:

"A general appearance may arise by implication from the defendant's seeking, taking, or agreeing to, some step or proceeding *in the cause*, beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only. The purpose of the appearance, however, must bear some substantial relation to the cause. In other words, it must be a purpose *within the cause*, not merely collateral thereto." (Our emphasis.)

■ In 6 C.J.S., Appearances, § 12 a, the general rule is thus stated:

"An appearance may be expressly made by formal written or oral declaration, or record entry, to the effect that the defendant appears; or it may be implied from some act done with the *intention* of appearing and submitting to the court's jurisdiction; * * *." (Our emphasis.)

It seems clear that the mere physical presence of a party or his attorney in the court room during some phase of the proceedings does not constitute an entry of appearance. 6 C.J.S., Appearances, § 12 c. In Jaliz Holding Corp. v. McGill, 282 App.Div. 893, 124 N.Y.S.2d 881, it was held that the execution of a stipulation by the defendant was not such an appearance as would entitle the defendant to notice of a motion for a default judgment. The reason why entering into a stipulation may be said not to enter an appearance is because the defendant does not invoke any action by the court. Stevens v. James A. Smith Lumber Co., 54 S.D. 170, 222 N.W. 665. However, there are cases to the contrary. See 6 C.J.S., Appearances, § 12 i.

Concerning the character of acts which constitute the entry of appearance, see 3A Words and Phrases, Appearance, page 342, et seq.

■ It may be noted that most of the cases considering the question of "appearance" are those in which the jurisdiction of the court over the person of the defendant is dependent upon some act of his that would bring him into the lawsuit when he has not been served with summons. Under CR 55.01 the word "appeared" has a more particularized meaning because it must be assumed that the defendant has been properly served with summons and is before the court. Otherwise, of course, no

default judgment could be rendered against him. Therefore, our question is not whether the defendant has submitted himself to the jurisdiction of the court, but whether or not he has so participated in the action as to indicate an intention to defend. There must be some act which would signify that the defendant is contesting liability rather than admitting it, and therefore would be likely to contest the motion for judgment if given notice.

In construing the word "appeared" in CR 55.01, we are of the opinion that it means the defendant has voluntarily taken a step in the main action that shows or from which it may be inferred that he has the intention of making some defense.

■ An examination of the record of proceedings on May 24, which we have quoted above, does not establish that the defendants made any sort of appearance to defend the injunction suit. While the record shows that plaintiffs and defendants had reached an agreement (doubtless oral) by virtue of which the plaintiffs were willing to suspend action on the contempt rule, as far as we know this agreement may have been reached outside of court at some other time. Even if it was made in court on that day, it related to a collateral matter, and did not further the progress of the main action.

Assuming, however (as the briefs indicate) that defendants and their counsel were in court and that what occurred constituted an *appearance on the contempt rule*, we are inclined to the view that it was not such an appearance as CR 55.01 recognizes. The contempt rule was collateral to the main action and was a separable part of the proceedings. It was coercive in nature, and defendants' appearance was involuntary. Had defendants not even been named as parties to the suit, they could have been required to "appear" for this hearing.

By appearing in response to the court's direct order, defendants could not be said to have voluntarily taken any step to defend the suit.

Though the question of a general appearance was involved, which we have indicated

may be somewhat different from the issue before us, the following two cases lend support to our conclusion. In Robinson v. Robinson, 123 Misc. 80, 204 N.Y.S. 329, the Supreme Court of New York held that where a defendant had entered a written appearance to "this proceeding" in response to a contempt rule, it did not constitute a general appearance in the action in which the motion for the rule was made. While the New York Civil Practice Act provided a specific method of entering an appearance by giving notice, the notice on the contempt phase of the proceeding was adjudged limited thereto. The court found that the proceeding for contempt was so separable from the main action that an appearance in answer to the motion was not an appearance in the action.

In Simon Piano Co. v. Fairfield, 103 Wash. 206, 174 P. 457, 458, the question was whether or not the appearance in response to a contempt rule and the actual purging of the contempt by compliance with the order of the court constituted an appearance in the action in which the order was entered. The Washington Supreme Court decided the question in the negative, concluding as follows:

"The appearance * * * under the coercive process of the law was neither an assent to nor a participation in the main case."

In view of the fact that defendants did not otherwise participate in the injunction suit, we do not believe that the appearance made in response to the contempt rule was of such character as to constitute any sort of defense thereto. Under those circumstances they were not entitled to notice of the motion for judgment.

No question is raised concerning defendants' default, and if such default was excusable and they have a meritorious defense to the action, they are not precluded from proceeding under CR 60.02, as authorized by CR 55.02. We, of course, do not venture any suggestion that such proceeding would or would not be successful.

The judgment is affirmed.