Ron and Ramona DAVENPORT,
as the Administrators of the
Estate of Linda Kay Moore, Deceased, or,
in the Alternative, Ron and Ramona Davenport,
Individually and as Heirs at Law of
Linda Kay Moore, Deceased, on Behalf of
Themselves and All Other Heirs at Law of
the Deceased, or All Who Are Entitled to
Legal Redress for the Death of
Linda Kay Moore, Deceased *v.* Tyrone LEE,
M.D.; Conway Regional Medical Center; Craig
Cummins, M.D.; and James Throneberry, M.D

CA 00-696                                    40 S.W.3d 346

Court of Appeals of Arkansas
Division IV
Opinion delivered April 4, 2001
[Petition for rehearing denied May 9, 2001.]

*Charles Phillip Boyd, Jr.*, and *Christopher D. Anderson*, for appellants.

*Wright, Lindsey & Jennings, LLP*, by: *Patricia Sievers Harris, Elisa Masterson White*, and *Jane M. Weisenfels*, for appellees Tyrone Lee, M.D., and Conway Regional Medical Center.

*Armstrong Allen, PLLC*, by: *Ken Cook* and *E.B. Chiles, IV*, for appellee Craig Cummins, M.D.

*Anderson, Murphy & Hopkins, LLP*, by: *Overton S. Anderson* and *Scott D. Provencher*, for appellee James Throneberry, M.D.

A NDREE LAYTON ROAF, Judge. Ron and Ramona Davenport were appointed administrators of the estate of Linda Kay Moore, Ramona Davenport's sister. Subsequently, the Davenports filed a *pro se* negligence/wrongful death action against the appellee medical providers five days before the expiration of the two-year statute of limitations. The complaint alleged that the appellees' negligent medical treatment was the cause of Ms. Moore's death. The circuit court granted the appellees' motions to dismiss, based on a finding that personal representatives who are not licensed attorneys are not acting individually, and may not file a wrongful-death or survivorship action on behalf of either the estate or the wrongful-death statutory beneficiaries. The trial court found that the Davenports' complaint was consequently a nullity, and that an entry of appearance and amended complaint later filed by their attorney did not relate back to the initial filing so as to toll the running of the statute of limitations. On appeal, the Davenports raise seven points for reversal. With regard to the sixth point raised by the Davenports, we agree that the trial court erred in finding that the complaint filed by them was a nullity, and reverse and remand.

Ron Davenport and Ramona Davenport are the administrators of the estate of the decedent, Linda Kay Moore. Ramona Davenport is Ms. Moore's sister, and Ramona and Ron are husband and wife. Ms. Moore was also survived by three children. Appellees are Drs. Tyrone Lee, Craig Cummins, Greg Lewis, Gil Johnson, and James Throneberry, Conway Regional Medical Center (hereinafter "CRMC"), and/or John Doe A-Z, and they are the medical personnel and the hospital that treated Ms. Moore.

On February 11, 1997, Ms. Moore went to the CRMC emergency room suffering from pneumonia. On February 15, 1997, prior to a scheduled surgery for her condition, she was intubated, and she died only minutes later. The Faulkner County Probate Court appointed the Davenports as the administrators of Ms. Moore's estate. The Davenports filed a complaint *pro se* as administrators of the estate or alternatively, individually, and as the heirs at law of the decedent, and on behalf of other heirs at law or all who are entitled to legal redress for the decedent's death, in the Faulkner County Circuit Court on February 10, 1999. The Boyd Law Firm filed an entry of appearance and an addendum to the complaint modifying a defendant's name on May 29, 1999. The Boyd Law Firm then had the summons, complaint, and the addendum to the complaint timely served on all appellees.

Over the course of this case, five amended complaints were filed, and the appellees all filed motions to dismiss. An order was entered by the circuit court on November 24, 1999, dismissing all claims with prejudice, stating in pertinent part that, as personal representatives of the estate, Ramona and Ron Davenport could not file a valid complaint for wrongful death or survivorship if neither of them is an attorney, that they were not acting individually, and that the subsequent amended pleadings filed by their attorneys do not relate back to the initial filing under the circumstances of this case. The Davenports filed a motion for reconsideration on November 26, 1999. The trial court entered two orders on January 25, 2000, denying that motion and striking the Davenport's fifth amended complaint filed after the trial court had announced its decision to dismiss the action.

The Davenports raise seven points for reversal, some of which are interrelated. They contend that the trial court erred in: 1) failing to deny the motions to dismiss filed by Craig Cummins, M.D., Tyrone Lee, M.D., and Conway Regional Medical Center because they failed to raise their motions to dismiss in their initial pleadings as required by Ark. R. Civ. P. 12(b); 2) determining that this action was commenced without an attorney acting on behalf of the estate of Linda Kay Moore; 3) alternatively, failing to find that the administrators of the estate were vested with the rights of the decedent and were not "trustees" for the estate; 4) dismissing with prejudice the individual complaint of Ramona Davenport, an administrator of the estate who is also an heir, where she alleged both her individual and representative capacity; 5) alternatively, if the original complaint was ineffectual due to technical defect, failing to apply Ark. R. Civ. P. 17 to allow cure of any defect to permit the real party in interest to appear and/or ratify the filing of the complaint; 6) determining that the complaint filed by Ron and Ramona Davenport was a nullity; and 7) failing to find that the appellees' fraudulent concealment tolled the two-year limitations period.

██ We have concluded that the trial court erred in holding that the Davenports' *pro se* complaint was a nullity. Consequently, we need not address the other six arguments raised by the Davenports except as they relate to the discussion of this point or overlap with this issue. This is an issue of first impression in Arkansas.[1] The

---

[1] The appellants attempted to file this appeal in the supreme court, asserting that it presents an issue of first impression, is of significant public interest, and involves a significant issue needing clarification or development of law. However, the supreme court declined the

supreme court in *Arkansas Bar Ass'n v. Union Nat'l Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954), held that a bank serving as personal representative of an estate was not looking after its own affairs, but was acting in a fiduciary capacity. The court expressly held that a person who is not a licensed attorney and who is acting as an administrator, executor, or guardian cannot practice law in matters relating to his trusteeship on the theory that he is practicing for himself. We consider this holding dispositive on the question of whether the Davenports were authorized to proceed *pro se* on behalf of the estate; they were not. *See also* Ark. Code Ann. § 16-62-101 (1987). Moreover, Ark. Code Ann. § 16-62-102 (1993), the wrongful-death statute, requires that "every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." *Id.* at 102(c). Although Ramona Davenport is a statutory beneficiary pursuant to subsection 102(d) of this statute, she cannot proceed individually where a personal representative has been appointed.

However, the question of whether such a complaint is considered a nullity has not been answered in this state. In *McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973), cited by appellees, the supreme court considered whether the trial court erred in allowing a Tennessee attorney, not licensed in Arkansas, to assist Arkansas counsel in representing the appellees in the trial of a medical malpractice action against the appellants. The appellants had sought to quash the trial court's order allowing the participation; the supreme court granted certiorari on the denial of the motion to quash; and held that the trial court had the authority to permit the participation. In discussing whether the appellants had standing to challenge the nonresident attorney's right to participate, the court first held that they did have this right pursuant to 135 years of Arkansas case law. However, the court further stated that "It is widely held in other jurisdictions that proceedings in a suit instituted or conducted by one not entitled to practice are a nullity, and if appropriate steps are timely taken the suit may be dismissed, a judgment in the cause reversed, or the steps of the unauthorized practitioner disregarded," citing a lengthy list of cases from foreign jurisdictions. It scarcely needs saying that this is dicta, and found in a case completely at odds factually with the instant case. Consequently, we do not consider *McKenzie* to provide direction on the issue before us.

case.

Although there is no Arkansas case law on point, appellate courts from other jurisdictions have considered this issue or issues closely analogous. Most of these cases involve pleadings filed by nonresident lawyers. The courts that have addressed this issue are divided. Alabama, Maryland, South Dakota, Wyoming, Indiana, Tennessee, and Nebraska appellate courts have held that pleadings or proceedings by persons not entitled to practice law in the state are a nullity. See *Black v. Baptist Med. Ctr.*, 575 So. 2d 1087 (Ala. 1991); *Turkey Point Property Owners' Ass'n, Inc. v. Anderson*, 106 Md. App.710, 66 A.2d 904 (1995); *Stevens v. Jas. A. Smith Lumber Co.*, 54 S.D. 170, 222 N.W. 665 (1929); *North Laramie Land Co. v. Hoffman*, 30 Wyo. 238, 219 P. 561 (1923); *Simmons v. Carter*, 576 N.E.2d 1278 (Ind. App. 1991); *Bivens v. Hospital Corp. of America*, 910 S.W.2d 441 (Tenn. Ct. App. 1995); *Anderzhon/Architects, Inc. v. 57Oxbow II Partnership, Michael Krill*, 250 Neb. 768, 553 N.W.2d 157 (1996). The Alabama Supreme court in *Black v. Baptist Med. Ctr.*, 575 So. 2d 1087 (Ala. 1991), held that a complaint filed by a nonresident attorney not admitted *pro hoc vice* at the time the complaint was filed was a nullity for statute-of-limitation purposes, and that the ineffective filing was not cured by the notice of appearance filed by an attorney licensed in Alabama two months after the statute of limitations had expired.

■ However, we join with courts from North Carolina, Kentucky, Georgia, Florida, and Missouri in holding that such a pleading is a not a nullity. *Theil v. Detering*, 68 N.C. App. 754, 315 S.E.2d 789 (1984); *Richardson v. Dodson, M.D.*, 832 S.W.2d 888 (Ky. 1992); *Peachtree Plastics, Inc. v. Verhine*, 242 Ga. App. 21, 528 S.E.2d 837 (2000); *Torryey v. Leesburg Reg'l Med. Ctr.*, 769 So. 2d 1040, 25 Fla. L. Weekly S911 (2000); *Mikesic v. Trinity Lutheran Hosp.*, 980 S.W.2d 68, (Mo. App. 1998).

Two of these cases are especially persuasive in the discussion of this issue. In *Richardson v. Dodson, M.D.*, 832 S.W.2d 888 (1992), the supreme court of Kentucky held that the timely *pro se* filing of a wrongful-death complaint by decedent's son was sufficient to toll the statute-of-limitations period and permit relation back of a subsequent amended complaint naming him as personal representative. The court reasoned:

> It is widely recognized that the purpose of statutes of limitations is served when notice of litigation is given within the period allowed. *Nolph v. Scott, Ky.*, 725 S.W.2d 860 (1987). In W. Bertelsman & K. Philips, *Kentucky Practice*, CR 15.03, comment 6 (4th ed. 1984), the view is expressed that if an opposing party "is reasonably informed of the general wrong complained of and the background

out of which the claim arose, then he may begin preparation of his defense when the original claim is asserted against him. Under such circumstances the statute of limitations should not constitute a bar."

In *Mikesic v. Trinity Lutheran Hospital*, 980 S.W.2d 68 (Mo. App. 1998), the Missouri Court of Appeals reversed the dismissal of a medical malpractice action on statute-of-limitations grounds in a case factually similar to the present one. The plaintiff's wife had filed a *pro se* negligence action on her husband's behalf prior to her appointment as his guardian. The court found that the wife's appointment as guardian related back to the filing of the original petition, that the defendant was clearly advised by the original complaint that the plaintiff was seeking damages for medical malpractice, and was in no way prejudiced by the wife's failure to file the action in the proper capacity. The court, in addressing the statute of limitations, stated:

> Statutes of limitation are never intended to be used as swords. Rather, they are shields, primarily designed to assure fairness to defendants by prohibiting stale claims, those where evidence may no longer be in existence and witnesses are harder to find, all of which tends to undermine the truth-finding process.

The court further noted that even if the wife's filing of the original petition constituted the unauthorized practice of law, as guardian, she was an officer of the court and her actions should not prejudice the substantial rights of the litigant she has been assigned to protect. Under the circumstances, the court held the dismissal of the amended petition to be inappropriate.

We find the rationale employed by these authorities applicable to the facts of the Davenports' case. Here, the appellees can demonstrate no prejudice as the complaint was both timely filed and served along with the amendment apprising them of the identity of the Davenports' counsel. Moreover, the decedent in this case is survived by several children whose rights in this action are at stake. We agree with the Davenports' contention that dismissal of this action is unduly harsh. Under these circumstances, we hold that the initial complaint was not a nullity for purposes of the tolling of the statute of limitations, but was instead an amendable defect.

Reversed and remanded.

ROBBINS and BIRD, JJ. agree.