Present:  All the Justices

CAROLYN J. WALKER

v.  Record No. 031844     OPINION BY JUSTICE DONALD W. LEMONS
                                    June 10, 2004
AMERICAN ASSOCIATION OF
PROFESSIONAL EYE CARE
SPECIALISTS, P.C., d/b/a AAPECS, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

In this appeal, we consider whether an attorney who delivers a pleading, signed by a pro se plaintiff, on behalf of the plaintiff is, by that action, "counsel of record."  We further consider whether the pleading in this case is invalid.

I.  Facts and Proceedings Below

The material facts of this case are not in dispute.  On December 13, 2001, Carolyn J. Walker ("Walker"), caused a motion for judgment to be filed in the Circuit Court for the City of Norfolk alleging negligent medical treatment by American Association of Professional Eye Care Specialists, P.C. and two of its agents (collectively, "AAPECS").  Walker signed her name to the motion for judgment.  According to testimony in proceedings before the trial court, attorney Robert S. Cohen ("Cohen") arranged for delivery of the motion to the trial court because Walker "didn't know where the courthouse was."  Along with Walker's motion for judgment, Cohen sent a cover letter indicating that the motion for

judgment was to be filed on behalf of Walker. A check drawn on Cohen's client trust account in the amount of the filing fees was also enclosed. Cohen did not expressly state in the cover letter that he was making an appearance on behalf of Walker.

Walker initially engaged Cohen in early 2001 to "investigate whether or not she had a potential case" against AAPECS. She placed $1500 in an escrow account with Cohen. On July 3, 2001, Cohen informed Walker that he would not represent her in the case and that "if she wished to go forward with it, that she'd have to file a suit either in her name or get another attorney to do so." While a different attorney drafted the motion for judgment for Walker, she asked Cohen to help her find a medical expert for a fixed fee of $500, which he did. Both the fee for finding an expert and the court filing fees were drawn from Walker's funds in escrow with Cohen. The residue was transferred to the attorney who eventually agreed to represent Walker. Both Cohen and Walker agreed in their testimony that at the time the motion for judgment was filed, Cohen was not Walker's attorney and Walker understood that Cohen was not her attorney.

AAPECS filed a motion to strike and a motion to quash arguing that Walker's pleading was improperly signed because Cohen represented her at the time the pleading was filed. The

2

trial court held two hearings on the matter. At the second hearing, the trial court received testimony from both Walker and Cohen. In an order and opinion, the trial court granted AAPECS' motions, concluding that Cohen was Walker's counsel of record and that Walker's pleading had been improperly signed by her under Rules 1:4 and 1A:4. The trial court dismissed the action with prejudice. Walker appeals the adverse judgment of the trial court.

## II. Analysis

The dispositive issue in this case is whether Cohen was counsel of record for Walker when the motion for judgment was filed. AAPECS argues that the trial court made a finding of fact that Walker was not conducting her own case. The trial court stated, at the conclusion of its first hearing on the matter, that "I am giving you that factual conclusion that Mr. Cohen made an appearance in the case. He was counsel of record when he filed that motion for judgment." However, the conclusion that Cohen made an appearance or was counsel of record is a mixed question of law and fact. We must consider the facts which are essentially undisputed and then determine whether, as a matter of law, Cohen was counsel of record when the motion for judgment was filed. Consequently, we review the trial court's judgment de novo. Caplan v. Bogard, 264 Va. 219, 225, 563 S.E.2d 719, 722 (2002).

3

Walker maintains that the trial court erred in its holding that Cohen was counsel of record in the case as a matter of fact. We hold that as a matter of law, Cohen was not counsel of record. Additionally, Walker assigns error to the trial court's holding that Rule 1A:4 applies to her case and required Cohen to sign the motion for judgment. Walker further asserts that the trial court's misinterpretation of the applicability of Rule 1A:4 resulted in its conclusion that the pleading was invalid. We agree with Walker.

Rule 1:4 establishes general requirements for pleading. Specifically, Rule 1:4(c) mandates that "Counsel or an unrepresented party who files a pleading shall sign it and state his address." Rule 1:4(l) requires "counsel of record" to list his or her office address and telephone number at the foot of "[e]very pleading, motion or other paper served or filed." Rule 1:5 states that "'Counsel of record' includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case."

In this case, Walker signed the pleading as an unrepresented party in conformance with Rule 1:4(c) and (l) but Cohen did not sign the pleading. Furthermore, Cohen's cover letter to the clerk of the court requesting filing does not notify other parties and the clerk in writing that he

appears in the case. Consequently, it does not support the legal conclusion that he became counsel of record simply by virtue of a cover letter enclosing a pleading signed by a party.

The trial court erroneously concluded, under Rule 1A:4 and our decision in Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002), that Cohen was Walker's counsel of record at the time the motion for judgment was filed and that because Walker signed the pleading in error, it was consequently invalid. Rule 1A:4 deals with foreign attorneys and is inapplicable to this case. The final sentence of Rule 1A:4 simply emphasizes that when foreign counsel is permitted to conduct a case in the Commonwealth, "a pleading or other paper required to be served," shall, nonetheless, be signed by a member of the Virginia State Bar.

Further, the trial court placed great weight upon the finding that "Cohen continued to represent and protect Plaintiff's legal interests from the time she retained him until he transferred the remainder of her retainer fee to her current counsel." While true, it is not dispositive of the legal question whether Cohen was counsel of record in the pending case. Cohen's continued protection of Walker's legal interests was consistent with his duty under Rule 1.16(d) of

5

the Rules of Professional Conduct.  Having determined that he was not going to represent Walker in her intended lawsuit, Cohen facilitated her filing of pleadings prepared by a different lawyer in order to toll the statute of limitations and preserve her cause of action.  In this regard, Cohen was taking "steps to the extent reasonably practicable to protect a client's interests" upon the termination of his representation.  Such conduct did not make him counsel of record in legal proceedings pending before the trial court.

We hold that the trial court erred in granting AAPECS' motion to quash and motion to strike and dismissing Walker's motion for judgment with prejudice.  The judgment of the trial court will be reversed and the motion for judgment will be reinstated on the docket of the trial court.

<u>Reversed and remanded.</u>