Present:  All the Justices

GIZACHEW NERRI

v.  Record No. 042344    OPINION BY JUSTICE ELIZABETH B. LACY
                                        June 9, 2005
VIVIAN ADU-GYAMFI, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

The trial court granted Vivian and Charles Adu-Gyamfi a non-suit in a proceeding in which their motion for judgment was signed by an attorney whose license to practice law in the Commonwealth had been administratively suspended by the Virginia State Bar.  We will reverse the judgment of the trial court because an attorney whose license has been administratively suspended is not authorized to practice law and, thus, any pleadings filed by such attorney are invalid.

Proceedings

On January 29, 2004, Burman A. Berger filed a motion for judgment on behalf of his clients, Vivian and Charles Adu-Gyamfi, for injuries they suffered in an automobile accident allegedly caused by Gizachew Nerri.  When Berger signed the pleading, his license to practice law in this Commonwealth had been suspended.  On July 9, 2004, Nerri filed a motion seeking, <u>inter</u> <u>alia</u>, to strike the pleadings in the case because Berger was not a member in good standing of the

Virginia State Bar at the time he filed the motion for judgment.

At the hearing on Nerri's motion, Berger conceded that his license to practice law had been administratively suspended at the time the motion for judgment was filed and that his license had not been reinstated. The Adu-Gyamfis, acting pro se, then asked for a non-suit. The trial court granted the motion for non-suit. We granted Nerri an appeal.

## Discussion

In an exhibit attached to Nerri's motion to strike, the Virginia State Bar certified that Berger was an "ACTIVE MEMBER OF THE VIRGINIA STATE BAR, NOT IN GOOD STANDING," and that his license to practice law had been suspended since March 19, 2003, for non-compliance with the requirements for continuing legal education, failure to pay annual membership dues, and failure to file an insurance certification. Even though the State Bar's description of Berger's status implies that he remains a member of the Virginia State Bar during the period of his suspension, under the statutes and rules regulating the practice of law and licensing of lawyers Berger was not authorized to practice law during this period.

Berger's license was suspended pursuant to Paragraph 19 of Part 6, § IV of the Rules of Court. Under the provisions of that paragraph, a licensed attorney who fails to comply

2

with the rules relating to membership including the requirement for continuing legal education is notified by the Secretary-Treasurer of the State Bar that his or her license to practice law will be suspended if he or she does not correct the deficiency within 60 days and pay a delinquency fee.  If the deficiency is not corrected and delinquency fees are not paid, the attorney's license is suspended and the attorney may no longer practice law in the Commonwealth "or in any way hold himself out as a member of the Virginia State Bar."  Paragraph 19 also provides that the attorney's "membership in the Virginia State Bar" may only be reinstated upon meeting the conditions set out in that paragraph.

As these provisions demonstrate, the status of an attorney during the time his or her license is administratively suspended is no different from that of an individual or an attorney who has never been licensed in Virginia – neither is authorized to practice law in this Commonwealth and both are subject to prosecution for practicing law without a license.  Code § 54.1-3904.  We have held that a pleading signed by a foreign attorney who is not authorized to practice law in this Commonwealth is invalid and has "no legal effect."  Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002); Rule 1A:4.  Just as there is no practical distinction between the

3

ability of the unlicensed foreign attorney to practice law and the attorney on administrative suspension, we find no rational basis to treat the pleadings filed by the former as invalid and those filed by the latter as valid.

Berger was not entitled to practice law in this Commonwealth at the time he signed and filed the motion for judgment on behalf of the Gyamfis. That pleading was invalid and had no legal effect. Therefore, no valid proceeding was pending which could be non-suited.

Accordingly, we will reverse the judgment of the trial court and enter judgment in favor of Nerri.

<u>Reversed and final judgment.</u>

JUSTICE KOONTZ, dissenting.

I respectfully dissent. This case involves the application of the so-called "nullity rule" which, as pertinent here, broadly provides that a pleading filed on behalf of another by an individual not authorized to practice law in the jurisdiction is to be treated as a nullity. The acknowledged purpose of this rule is to protect the public from the unauthorized practice of law. In my view, the strict adherence to the nullity rule under the particular circumstances of the present case is unduly harsh and does little to foster public confidence that protection from the unauthorized practice of law is being advanced.

4

Vivian and Charles Adu-Gyamfi are the undisputed innocent victims of Burman A. Berger's unauthorized practice of law. When they retained him, Berger was licensed to practice law in Virginia and his membership in the Bar was in good standing. Nothing in the record suggests that they would have had any reason to know, or even to suspect, that Berger's license to practice law had been administratively suspended when he subsequently filed the motion for judgment on their behalf against Gizachew Nerri. Nor does it appear that Nerri suffered any prejudice during the period in which the case proceeded prior to the discovery of the suspension of Berger's license by Nerri's counsel. Strict adherence to the nullity rule by declaring the motion for judgment had no legal effect and, therefore, no valid proceeding was pending which could be non-suited punishes the innocent litigant rather than the offending attorney. When considered in light of the fact that no prejudice resulted to the opposing party in the suit, the harshness of this result is palpable.

While Code § 54.1-3904 punishes the unauthorized practice of law as a Class 1 misdemeanor, no statute expressly dictates how a court should treat a pleading filed by an attorney admitted to practice law in Virginia but whose license to practice law has been administratively suspended at the time the pleading is filed. Rule 1A:4 provides that certain

pleadings signed by a foreign attorney not licensed to practice law in Virginia are invalid. We applied this rule, as the majority notes, in Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002). This rule, however, applies only to foreign attorneys. Walker v. American Ass'n of Prof'l Eye Care Specialists, P.C., 268 Va. 117, 121, 598 S.E.2d 47, 49 (2004).

The nullity rule is not carved in stone and is properly subject to exceptions when its strict application produces an unduly harsh result. See Torrey v. Leesburg Regional Med. Ctr., 769 So.2d 1040, 1044 (Fla. 2000); see also Practice Mgmt. Ass'n, Inc. v. Walding, 138 F.R.D. 148, 149 (M.D. Fla. 1991). In the absence of a specific statute or rule of this Court requiring a holding that the motion for judgment at issue in the present case is a nullity and of "no legal effect," I would hold, in accord with the reasoning of Practice Management, that the appropriate sanction under the circumstances of the present case would be to require the offending attorney to pay the reasonable costs incurred by the opposing party for attorney fees or other costs arising from the offending attorney's action, while permitting the innocent litigant to either amend the motion for judgment or be granted a non-suit. Accordingly, I would affirm the trial court's judgment in this case.

Finally, I am compelled to acknowledge that the majority's holding in this case is consistent with the view held by the majority of other jurisdictions. See e.g., Davenport v. Lee, 40 S.W.3d 346, 349-50 (Ark. App. 2001) (citing cases), rev'd, 72 S.W.3d 85 (Ark. 2002). Nevertheless, I find no solace in following a view that admittedly produces a harsh result when the suspended attorney's only action was to file a pleading and no prejudice was caused to the opposing party. Perhaps the General Assembly by statute or this Court by rule will someday fashion a remedy more appropriate to the circumstances of the present case.