Justice KOONTZ, dissenting.
I respectfully dissent. This case involves the application of the so-called "nullity rule" which, as pertinent here, broadly provides that a pleading filed on behalf of another by an individual not authorized to practice law in the jurisdiction is to be treated as a nullity. The acknowledged purpose of this rule is to protect the public from the unauthorized practice of law. In my view, the strict adherence to the nullity rule under the particular circumstances of the present case is unduly harsh and does little to foster public confidence that protection from the unauthorized practice of law is being advanced.
Vivian and Charles Adu-Gyamfi are the undisputed innocent victims of Burman A. Berger's unauthorized practice of law. When they retained him, Berger was licensed to practice law in Virginia and his membership in the Bar was in good standing. Nothing in the record suggests that they would have had any reason to know, or even to suspect, that Berger's license to practice law had been administratively suspended when he subsequently filed the motion for judgment on their behalf against Gizachew Nerri. Nor does it appear that Nerri suffered any prejudice during the period in which the case proceeded prior to the discovery of the suspension of Berger's license by Nerri's counsel. Strict adherence to the nullity rule by declaring the motion for judgment had no legal effect and, therefore, no valid proceeding was pending which could be non-suited punishes the innocent litigant rather than the offending attorney. When considered in light of the fact that no prejudice resulted to the opposing party in the suit, the harshness of this result is palpable.
While Code § 54.1-3904 punishes the unauthorized practice of law as a Class 1 misdemeanor, no statute expressly dictates how a court should treat a pleading filed by an attorney admitted to practice law in Virginia but whose license to practice law has been administratively suspended at the time the pleading is filed. Rule 1A:4 provides that certain pleadings signed by a foreign attorney not licensed to practice law in Virginia are invalid. We applied this rule, as the majority notes, in Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002). This rule, however, applies only to foreign attorneys. Walker v. American Ass'n of Prof'l Eye Care Specialists, P.C., 268 Va. 117, 121, 597 S.E.2d 47, 49 (2004).
The nullity rule is not carved in stone and is properly subject to exceptions when its strict application produces an unduly harsh result. See Torrey v. Leesburg Regional Med. Ctr., 769 So.2d 1040, 1044 (Fla.2000); see also Practice Mgmt. Associates, Inc. v. Walding, 138 F.R.D. 148, 149 (M.D.Fla.1991). In the absence of a specific statute or rule of this Court requiring a holding that the motion for judgment at issue in the present case is a nullity and of "no legal effect," I would hold, in accord with the reasoning of Practice Management, that the appropriate sanction under the circumstances of the present case would be to require the offending attorney to pay the reasonable costs incurred by the opposing party for attorney fees or other costs arising from the offending attorney's action, while permitting the innocent litigant to either amend the motion for judgment or be granted a non-suit. Accordingly, I would affirm the trial court's judgment in this case.
Finally, I am compelled to acknowledge that the majority's holding in this case is consistent with the view held by the majority of other jurisdictions. See e.g., Davenport v. Lee, 73 Ark.App. 247, 40 S.W.3d 346, 349-50 (2001) (citing cases), rev'd, 348 Ark. 148, 72 S.W.3d 85 (2002). Nevertheless, I find no solace in following a view that admittedly produces a harsh result when the suspended attorney's only action was to file a pleading and no prejudice was caused to the opposing party. Perhaps the General Assembly by statute or this Court by rule will someday fashion a remedy more appropriate to the circumstances of the present case.