#30864-dismiss-SPM
**2025 S.D. 56**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

TERESE LYNN DANIELSON,                     Appellant,

    v.

LIFESCAPE and SOUTH DAKOTA
DEPARTMENT OF HUMAN SERVICES,
DIVISION OF DEVELOPMENTAL
SERVICES,                                                Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOHN PEKAS
Judge

\* \* \* \*

BRUCE DANIELSON
Sioux Falls, South Dakota                     Pro Se appellant.


DELIA M. DRULEY of
Evans, Haigh & Arndt, LLP
Sioux Falls, South Dakota                     Attorneys for appellee
                                                              LifeScape.


\* \* \* \*

CONSIDERED ON BRIEFS
AUGUST 26, 2025
OPINION FILED **10/29/25**

#30864

MYREN, Justice

[¶1.] Terese Danielson was a resident at LifeScape, a service provider for adults with developmental disabilities. LifeScape terminated its services for Terese. Terese's brother and court-appointed guardian, Bruce Danielson, filed an administrative appeal on her behalf. After the Department of Human Services adopted the Office of Hearing Examiner's (OHE) recommendation to affirm the termination of services, Bruce filed an appeal to the circuit court. LifeScape filed a motion to dismiss, arguing that Bruce was engaged in the unauthorized practice of law because he is not an attorney but was attempting to represent Terese. The circuit court gave Bruce thirty days to find an attorney to represent Terese. After thirty days, when Bruce appeared without an attorney, the circuit court dismissed the appeal. Bruce filed an appeal to this Court on Terese's behalf. We dismiss the appeal because Bruce, a non-lawyer, could not perfect the appeal on Terese's behalf.

**Factual and Procedural Background**

[¶2.] Terese is an adult female with developmental disabilities. Bruce, Terese's brother, is her court-appointed legal guardian. Since 2010, Terese has received services from LifeScape, a service provider for adults with developmental disabilities.

[¶3.] Throughout 2023, Terese began acting aggressively towards the staff at LifeScape. LifeScape documented each of Terese's instances of aggressive or problematic behavior. On January 25, 2024, LifeScape decided to terminate its services for Terese. The notice explained that the termination of services would become effective on February 26, 2024, contained information regarding the

-1-

availability of other services in the community, and provided details about Terese's appellate rights. The notice was shared with Terese and Bruce.

[¶4.] After receiving the notice of LifeScape's termination of services, Bruce filed an appeal to the Department on behalf of Terese. OHE held a hearing "cover[ing] the issue of whether LifeScape properly followed the requirements set forth in ARSD 46:11:08:05 in the provider-initiated termination of services for Terese Danielson." After the administrative hearing, OHE entered a proposed decision upholding LifeScape's termination of services. The Department adopted OHE's proposed decision as its final decision.

[¶5.] Bruce filed an appeal to the circuit court on Terese's behalf. In response, LifeScape filed a motion to dismiss, arguing the circuit court lacked subject matter jurisdiction over the appeal because:

> a non-attorney may not appear pro se to represent another person in a legal action. Accordingly, Appellant Terese Danielson's appeal from the Final Decision and Order of the Secretary of the South Dakota Department of Human Services is void and this action is subject to dismissal pursuant to SDCL 15-6-12(b)(1).

[¶6.] At a hearing before the circuit court on the motion to dismiss, LifeScape raised the same arguments listed in its motion. Bruce explained his efforts to procure the assistance of an attorney. The circuit court delayed ruling on LifeScape's motion for an additional thirty days. It explained:

> I'm going to give Mr. Danielson, because he is not an attorney, and he's not authorized to represent Terese, I think the case law is clear. You are, you have a power of attorney, but you're not an attorney at law. And so because of that, you can't represent your sister in court. You have to have an attorney do that. I am going to give you 30 days to shore up that representation, and then at that time, once you have representation, I'm going to

take this matter up. If you can't find anybody to represent you, . . . Mr. Danielson and Terese, what I'm going to do is reconsider or at least take up the motion to dismiss . . . the appeal at that time.

[¶7.] Bruce appeared at the next hearing without an attorney to represent Terese. The circuit court dismissed the appeal. Bruce then filed a notice of appeal with this Court on Terese's behalf.

### Decision

[¶8.] Bruce contends that a non-attorney guardian may represent a protected person in court. He relies on the first sentence of SDCL 15-6-17(c), which provides: "Whenever a minor or incompetent person has a guardian or conservator, such guardian or conservator may sue or defend on behalf of the minor or incompetent person." That statute authorizes the guardian or conservator to make decisions on behalf of a protected person, including the decision to sue or defend a lawsuit. It does not permit the unauthorized practice of law by a non-attorney guardian.[1]

[¶9.] Bruce filed the notice of appeal on Terese's behalf. Because he may not represent her in court proceedings, the notice of appeal he filed was ineffective to invoke this Court's appellate jurisdiction. *See Stevens v. Jas A. Smith Lumber Co.,*

---

1. *See* SDCL 16-16-1, which reads:

    No person, except as provided in § 16-18-2, may practice as an attorney and counselor at law in any court of record within this state, either by using or subscribing his or her own name or the name of any other person, without having previously obtained a license for that purpose from the Supreme Court of this state and having become an active member in good standing of the State Bar of South Dakota. A violation of this section is a Class 1 misdemeanor.

54 S.D. 170, 222 N.W. 665, 666 (1929) ("Proceedings in a suit by a person not entitled to practice are a nullity."). Consequently, the appeal is dismissed.

[¶10.] SALTER, Justice, concurs.

[¶11.] KERN and DEVANEY, Justices, concur specially.

[¶12.] JENSEN, Chief Justice, deemed himself disqualified and did not participate.

KERN, Justice (concurring specially).

[¶13.] I join the majority opinion's conclusion that a non-attorney guardian or conservator may not represent a protected person in court proceedings and that the appeal in this case must be dismissed. I write separately to recognize an approach taken in other jurisdictions when timely notices of appeal are filed by non-attorneys on behalf of an appellant. While we have not previously contemplated whether or how this alternative approach would conform to our existing rules of appellate procedure, some courts have held that the filing of a notice of appeal by a non-attorney does not automatically render the appeal a nullity. *See Boydston v. Strole Dev. Co.*, 969 P.2d 653, 656 (Ariz. 1998); *Alexander & Baldwin, LLC v. Armitage*, 508 P.3d 832, 847–48 (Haw. 2022); *Downtown Disposal Servs., Inc. v. City of Chi.*, 979 N.E.2d 50, 56–58 (Ill. 2012) (refusing to apply a *per se* nullity rule).

[¶14.] Instead of dismissing an appeal as a nullity, courts adhering to this rule view the filing of a notice of appeal by a non-attorney as a non-jurisdictional defect that may be cured, depending on the circumstances of each case. *Armitage*, 508 P.3d at 847–48 (noting that when determining the effect of non-attorney representation, courts should consider factors such as whether the non-attorney

knew their actions were improper, whether the unrepresented party acted diligently to correct the mistake by obtaining counsel, and whether the non-attorney's participation was minimal or resulted in prejudice to the opposing party). To cure the defect, an attorney must be obtained within a designated period of time after the notice of appeal is filed to proceed on behalf of the appellant thereafter. *Boydston*, 969 P.2d at 656; *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 22 (1st Cir. 2000). This is essentially the approach taken by the circuit court here when it gave Bruce additional time to obtain legal counsel to proceed with Terese's administrative appeal.

[¶15.]     This approach recognizes a distinction between "ongoing legal representation and the essentially ministerial action involved in the filing of a notice of appeal." *Instituto de Educacion*, 209 F.3d at 22. These courts acknowledge that the nullity approach can result in harsh consequences because it ultimately harms the person or entity in need of representation. *See Armitage*, 508 P.3d at 847 (noting that other remedies exist to deter the unauthorized practice of law and rejecting the nullity rule because "[r]ather than punishing the culpable party—the purported representative—it may punish those who were purported to be represented"). These unintended harsh consequences are further worsened by the gap in legal services available to indigent persons.[2]

---

2.     While courts presiding over guardianship actions have the authority to appoint counsel for the protected person, that person's estate bears the cost of such appointment and there is no statutory authority to require the applicable county to pay for such costs. *See* SDCL 29A-5-309; *In re Guardianship of Sedelmeier*, 491 N.W.2d 86, 89 (S.D. 1992). We previously addressed a similar question in *Pfuhl v. Pfuhl*, where we held that circuit

(continued . . .)

[¶16.]    Notably, the *Stevens* case cited in Justice Myren's opinion involved the filing of an *answer* by an attorney who was not licensed in South Dakota, not a notice of appeal. *Stevens v. Jas. A. Smith Lumber Co.*, 54 S.D. 170, 222 N.W. 665, 665–66 (1929). And although we have previously dismissed an appeal that was filed by a non-attorney on behalf of a corporation, *see Smith v. Rustic Home Builders, LLC*, 2013 S.D. 9, 826 N.W.2d 357, we did not refer to the filing of a notice of appeal by a non-attorney as a jurisdictional impediment. It is not so clear from SDCL 15-26A-4 that the timely filing and service of a notice of appeal by a non-attorney on behalf of the appellant, while perhaps a violation of SDCL 16-16-1 as it relates to the non-attorney filer, is a nullity that deprives this Court of jurisdiction to hear the appeal. In my view, depending on the circumstances of the case, particularly those involving appellants who may not be competent to file a notice of appeal on their own behalf, this Court could exercise its discretion to allow such appellants to proceed with a timely-filed appeal so long as they obtain legal counsel to represent them and file the briefs going forward. But here, it is clear from the underlying record that Bruce was already given a reasonable opportunity to obtain legal counsel to represent Terese in this matter but was unable to do so. Thus, I agree that we must dismiss this appeal.

[¶17.]    DEVANEY, Justice, joins this writing.

---

(. . . continued)

> courts lack statutory authority to appoint counsel for children in civil protection order proceedings at the county's expense. 2014 S.D. 25, ¶¶ 10–13, 846 N.W.2d 778, 780–81. Therefore, protected persons who have a guardian but are indigent may lack access to legal counsel.